**Supplemental Declaration of Gregory A. Thyberg In Support of Relief From Stay**

I, Gregory A. Thyberg declare I am an attorney at law duly licensed in the state of California and am the attorney of record for the plaintiff Carol Carmel ("CARMEL") in the case of Carol Carmel v. Crowno, Inc. et al, Riverside County Superior Court Case No. CVSW2306059 and if called as a witness I could and would testify competently as follows:

1. I filed Case No. CVSW2306059 in Riverside County Superior Court on July 25, 2023 against Crownco Inc. ("CROWNCO"), West Coast Drywall & Company dba West Coast drywall & Paint and Lennar Corporation.

2. Only CROWNCO and Lennar Corporation remain as defendants in this action.

3. CARMEL's Complaint alleged Wrongful Termination/ Constructive Discharge in Violation of Public Policy, Failure To Prevent, Remedy And investigate Sexual Harassment (FEHA); Failure To Prevent, Remedy And investigate Harassment Based On Race (FEHA); Failure To Prevent, Remedy And investigate Harassment Based On Age (FEHA); and Retaliation In Violation of Gov. Code § 12940(h) against CROWNCO.

4. An answer to the complaint was filed by Kathleen M. Hartman ("HARTMAN") from the law firm of CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP on behalf of CROWNCO.

5. HARTMAN represented CROWNCO from August 2023 up until the case was stayed by this bankruptcy action.

6. Prior to setting the case for trial the court ordered the parties to attend a mandatory settlement conference on October 17, 2024 but that conference did not go forward as the court advised the parties the action was stayed because CROWNCO had filed for bankruptcy the day before.

7. Prior to the settlement conference the parties had engaged in written discovery and CROWNCO took CARMEL'S deposition.

8. CROWNCO answered CARMEL'S form interrogatories employment law.

9. Attached hereto as Exhibit "A" to this declaration is a true copy of CROWNCO'S response to plaintiff's form interrogatories employment law that were verified under penalty of perjury by CROWNCO'S authorized representative.

10. In responding form interrogatory 214.1 CROWNCO responded that it has an insurance policy under which they were or might be covered for the damages in Case No. CVSW2306059.

11. CROWNCO'S response to interrogatory 214.1 did not indicate that there was any dispute or reservation of rights with its insurance carrier.

12. Attached as Exhibit "B" to this declaration is a true copy of an email I received from HARTMAN advising me that the insurance policy identified in 214.1 is Admiral Insurance policy DEP-2076823-P1.

13. It is my understanding that the policy has a policy limit is $2,000,000.

14. I have requested that HARTMAN and CROWNCO'S bankruptcy attorney, Reem Bellow ("BELLOW") confirm Admiral's coverage and that the carrier is paying

for CROWNCO'S defense. I also requested that they confirm whether CROWNCO had a deductible.

15. Attached hereto as Exhibit "C" to this declaration is a true copy of an email exchange with HARTMAN on February 10 and 11, 2025 trying to confirm that Admiral Insurance has coverage for CARMEL'S claims and has assumed CROWNCO'S defense in Case No. CVSW2306059.

16. As set forth in Exhibit "C", HARTMAN deflected my question by claiming she did not have the information and stating she could not give a coverage opinion.

17. HARTMAN would not even confirm whether the insurance company had assumed the cost of defense even though she had been defending CROWNCO in the case for more than a year.

18. As set forth in Exhibit "C" HARTMAN directed me to CROWNCO'S bankruptcy attorney, BELLOW.

19. Attached hereto as Exhibit "D" to this declaration is a true copy of an email I sent to BELLOW on February 21, 2025 requesting that she confirm that the carrier has coverage for CARMEL'S case and has extended coverage.

20. Attached hereto as Exhibit "E" to this declaration is a true copy of BELLOW'S email response dated February 24, 2025, wherein she refered me back to HARTMAN for this information.

21. Attached hereto as Exhibit "F" to this declaration is a true copy of an email dated March 27, 2025 that I sent to HARTMAN advising her that BELLOW had referred me back to her for the information, but HARTMAN never responded.

22. Attached hereto as Exhibit "G" to this declaration is a true copy of an email dated, March 27, 2025, wherein BELLOW provided the information she has about the insurance coverage situation.

23. BELLOW indicates it is her understanding that the insurance company has advised CROWNCO that they will pay for the defense of the CARMEL case (subject to exceptions).

24. BELLOW also stated it is her understanding that the insurance company told CROWNCO they would not have to pay their deductible due to the bankruptcy.

25. I called and emailed CROWNO'S new attorney on April 7, 2025 to request confirmation that CROWNCO'S insurance company had extended coverage for CARMEL'S case, had waived the deductible and was paying for CROWNO'S defense.

26. Attached as Exhibit "H" to this declaration is a true copy of the email I sent to Yoon Ham on April 7, 2025.

27. Mr. Ham did not return my phone call or respond to my email.

28. Granting relief from stay should not prejudice the other creditors as CARMEL will only be seeking recovery from CROWNCO'S insurance carrier.

29. I do not believe allowing this litigation to go forward would interfere with the pending bankruptcy case.

I declare under penalty of perjury according to the laws of the state of California that the foregoing is true and correct executed this 17th day of April 2025 at Sacramento, California.

_____

Gregory A. Thyberg, Declarant

# EXHIBIT "A"

1 | Kathleen M. Hartman (Bar No. 219934)
*khartman@ctsclaw.com*
2 | **CALLAHAN, THOMPSON, SHERMAN**
**& CAUDILL, LLP**
3 | 2601 Main Street, Suite 800
Irvine, California 92614
4 | Tel: (949) 261-2872
Fax: (949) 261-6060
5 |
Attorneys for Defendant,
6 | **CROWNCO, INC.**

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF RIVERSIDE**

| CAROL CARMEL, | Case No.: CVSW2306059 |
|---|---|
| Plaintiff, | JUDGE: Hon. Raquel A. Marquez |
| vs. | DEPARTMENT: S303 |
| | COMPLAINT DATE: July 25, 2023 |
| CROWNCO, INC., a corporation, WEST DRYWALL & COMPANY, INC. dba WEST COAST DRYWALL & PAINT, a corporation, LENNAR CORPORATION, a corporation and DOES 1-100, inclusive, | **DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW, SET ONE** |
| Defendants. | DISCOVERY CUT OFF: NONE |
| | MOTION CUT OFF: NONE |
| | FSC DATE: NONE |
| | TRIAL DATE: NONE |

**PROPOUNDING PARTY: Plaintiff, CAROL CARMEL**

**RESPONDING PARTY:    Defendant, CROWNCO, INC.**

**SET NO.:                    ONE**

**TO PLAINTIFF, CAROL CARMEL AND HER ATTORNEY OF RECORD:**

Pursuant to Code of Civil Procedure sections 2030, et seq., Defendant, CROWNCO, INC.

("Responding Party") responds to Plaintiff, CAROL CARMEL's Form Interrogatories

(Employment) as follows:

**GENERAL OBJECTIONS AND CONDITIONS**

1.    These responses are made solely for the purpose of this action and not for the

purpose of any other action, including any other action pending between some or all of the parties

-1-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW, SET ONE

**EXHIBIT** A

1  hereto. Each response is subject to all objections as to competence, relevance, materiality,

2  propriety and admissibility, and any and all other objections and grounds which would require the

3  exclusion of any statement herein if the Interrogatories were asked of, or any statements contained

4  herein were made by, a witness present and testifying in Court, all of which objections and

5  grounds are reserved and may be interposed at the time of trial.

6      2.      Except for explicit facts admitted herein, no incidental or implied admissions are

7  intended hereby. The fact that Responding Party has answered Interrogatories herein should not

8  be taken as an admission that Responding Party accepts or admits the existence of any facts set

9  forth or assumed by such Interrogatory, or that such response constitutes admissible evidence. The

10  fact that Responding Party has answered part or all of any Interrogatory is not intended, and should

11  not be construed, to be a waiver by Responding Party of all, or any part, of any objections to any

12  Interrogatory made by Responding Party, nor shall it be construed as an election to proceed under

13  a particular cause of action.

14      3.      Responding Party has not completed his/her/its investigation of the facts relating to

15  this case, has not completed his/her/its discovery in this action, and has not completed his/her/its

16  preparation for trial. The following responses are based upon information presently available to

17  Responding Party, and are made without prejudice to his/her/its right to utilize subsequently

18  discovered facts, documents or things.

19      4.      In addition to any specific objections which may be made on an individual basis in

20  the separate responses set forth below, Responding Party objects generally to each request to the

21  extent that it seeks information subject to and protected by the attorney-client privilege (California

22  Evidence Code section 954), the attorney work-product doctrine (California Code of Civil

23  Procedure section 2018.030), the privilege to refuse to disclose trade secrets (California Evidence

24  Code section 1060), or any other applicable privilege or protection. Nothing contained herein is

25  intended to be or should be construed as a waiver of the attorney-client privilege or protection.

26      5.      In addition to any specific objections which may be made on an individual basis in

27  the separate responses set forth below, Responding Party objects generally to each request to the

28  extent it seeks to elicit information subject to and protected by the constitutional right to privacy.

-2-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

**EXHIBIT A**

CTSC | law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

1     6.     These responses are made solely for the purpose of this action. Each response is

2  made subject to and without waiving all objections to competence, authenticity, relevance,

3  materiality, propriety, admissibility and any other objections and grounds which would or could

4  require or permit the exclusion of any statement from evidence, all of which objections and

5  grounds are reserved or may be interposed in further proceedings and at the time of trial.

6     7.     Any statement made herein is not, and shall not be deemed, an admission of any

7  factual or legal contention contained in any Interrogatory. Responding Party objects to each

8  request to the extent that it contains any statements which are factually or legally incorrect or

9  inaccurate.

10     8.     Responding Party objects to each Interrogatory to the extent that it seeks the

11  information which is neither relevant to the subject matter of this action nor reasonably calculated

12  to lead to the discovery of admissible evidence.

13     9.     Responding Party objects to each Interrogatory to the extent that it purports to

14  impose obligations on Responding Party in excess of or different from those imposed by the

15  California Code of Civil Procedure, California Rules of Court, Local Rules for the Superior Court,

16  County of Riverside, and other applicable law or rules.

17     10.    Responding Party objects to each Interrogatory to the extent that it contains terms

18  which are undefined, vague and ambiguous.

19     11.    By producing the information herein, Responding Party is not giving his/her/its

20  permission that the information may be used for any purpose, other than for use in this litigation.

21  **FORM INTERROGATORY NO. 200.1:**

22     Do you contend that the **EMPLOYMENT** relationship was at "at will"? If so:

23     (a)    state all facts upon which you base this contention;

24     (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has

25  knowledge of those facts; and

26     (c)    identify all **DOCUMENTS** that support your contention.

27  **RESPONSE TO FORM INTERROGATORY NO. 200.1:**

28     Objection. The request is vague and ambiguous. The request calls for a legal conclusion. The

-3-

**EXHIBIT**

EXH

CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

1    request seeks information already in the possession, custody, or control of the requesting party.

2    Without waiving the above objections, Defendant responds as follows:

3    Yes.

4    (a) Carol Carmel's offer letter from Breeanna Dooley explains that Crownco Inc. is an at-
5    will employer and that Crownco was free to terminate employment with Carmel at any
6    time and that Carmel was free to terminate her employment with Crownco at any time.
7    Carmel was required to sign this document upon commencing employment. Crownco
8    Inc.'s employee handbook explains in multiple locations that employment is at will and
9    may be discontinued at any time by the company or the employee without notice. The
10    employee handbook required the employee to sign to show that they read and
11    acknowledged the terms of the handbook. Plaintiff did not have an employment contract
12    that set the terms of her employment with respect to duration or any form of an alternative
13    employment agreement with her employer. She would thus be an at-will employee under
14    California Labor Code section 2922.

15    (b) Plaintiff Carol Carmel had access to these facts and signed the offer letter which
16    identified the at-will employment relationship. Plaintiff also had access to and signed the
17    employee handbook in an act of agreeing with its terms. The employee handbook said at
18    multiple points that the employment relationship was at will.

19    (c) Carol Carmel's offer letter provided by Breeanna Dooley. Plaintiff has produced and has
20    access to this document, which is bates stamped Carmel 0001-0003. Crownco Inc.'s
21    Employee Handbook. California Labor Code section 2922.

22    **FORM INTERROGATORY NO. 200.3:**

23    Do you contend that the **EMPLOYMENT** relationship was governed by any agreement—
24    written, oral, or implied? If so:

25    (a)    state all facts upon which you base this contention;

26    (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has
27    knowledge of those facts; and

28    (c)    identify all **DOCUMENTS** that support your contention.

-4-

EXHIBIT A

**RESPONSE TO FORM INTERROGATORY NO. 200.3:**

Objection. The request is vague and ambiguous. The request seeks information already in the possession, custody, or control of the requesting party.

Yes.

(a) Employment was governed by an at-will employment agreement where both parties agreed that the employment relationship was not contracted to last a certain period of time. This was provided in both Plaintiff's offer letter and the Crownco Inc. employee handbook. Employee timesheets also formed an implicit agreement in reporting correct hours and breaks. Plaintiff was to read and sign the employee handbook to show that she agreed to follow all the rules outlined by the handbook. Plaintiff also signed the company's harassment policy agreement to demonstrate that she understood and would follow Crownco's protocol. Plaintiff's offer letter and employee handbook also explained the conditions of employment that both parties agreed upon. Specifically, this explained that work schedules would not always be consistent and gave Crownco Inc. the right to change schedules on a short-term or long-term basis.

(b) Plaintiff Carol Carmel; Breeanna Dooley, who can be contacted through Kathleen Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

(c) Carol Carmel's offer letter provided by Breeanna Dooley. Plaintiff has produced and has access to this document, which is bates stamped Carmel 0001-0003. Crownco Inc. Employee Handbook.

**FORM INTERROGATORY NO. 200.4:**

Was any part of the parties' **EMPLOYMENT** relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by the **EMPLOYER**? If so, for each **DOCUMENT** containing the written rules, guidelines, policies, or procedures:

(a)    state the date and title of the **DOCUMENT** and a general description of its contents;

(b)    state the manner in which the **DOCUMENT** was communicated to employees; and

(c)    state the manner, if any, in which employees acknowledged either receipt of the

-5-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW, SET ONE

EXHIBIT A

1      **DOCUMENT** or knowledge of its contents.

2   **RESPONSE TO FORM INTERROGATORY NO. 200.4:**

3      Objection. The request is vague and ambiguous. The request seeks information already in

4 the possession, custody, and control of the requesting party. The request seeks information equally

5 available to the requesting party.

6      Without waiving the above objections, Defendant responds as follows:

7     (a) Plaintiff's offer letter outlined the employment relationship, benefits, hourly rate and

8        payment. The employee handbook was received and acknowledged by Plaintiff and

9        outlined all of the policies and procedures of Crownco Inc. This included governing

10       principles, operational policies, benefits, and general standards of conduct. Plaintiff was

11       also required to sign an Addendum to the employee handbook which included policies

12       regarding trade secrets, intellectual property, confidentiality, nondisclosure, and non-

13       solicitation. Plaintiff was also required to read and sign the company's discrimination,

14       harassment, and retaliation policy contained in the employee handbook.

15     (b) Plaintiff was given an offer letter before the start of her employment. This letter was

16       signed by a representative of Crownco Inc. and was also signed by Plaintiff. Plaintiff also

17       received an employee handbook upon starting employment with Crownco Inc. She had

18       to read and sign the Acknowledgement of Receipt of Employee Handbook to

19       demonstrate that she understood the rules and agreed with them. In the employee

20       handbook was also the company's addendum to the employee handbook and the policy

21       of discrimination, harassment, and retaliation.

22     (c) Each of these documents needed to be acknowledged and signed by Plaintiff before

23       starting employment with Crownco Inc.

24   **FORM INTERROGATORY NO. 200.5:**

25      Was any part of the parties' **EMPLOYMENT** relationship covered by one or more

26 collective bargaining agreements or memorandums of understanding between the **EMPLOYER** (or

27 an association of employers) and any labor union or employee association? If so, for each collective

28 bargaining agreement or memorandum of understanding, state:

-6-

EXHIBIT A

CTSC | law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

1        (a)    the names and **ADDRESSES** of the parties to the collective bargaining agreement or

2    memorandum of understanding;

3        (b)    the beginning and ending dates, if applicable, of the collective bargaining agreement

4    or memorandum of understanding; and

5        (c)    which parts of the collective bargaining agreement or memorandum of

6    understanding, if any, govern (1) any dispute or claim referred to in the **PLEADINGS** and (2) the

7    rules or procedures for resolving any dispute or claim referred to in the **PLEADINGS**.

8    **RESPONSE TO FORM INTERROGATORY NO. 200.5:**

9        Objection. The request is vague and ambiguous. The request seeks information equally

10    available to the requesting party.

11        Without waiving the above objection, Defendant responds as follows:

12        No.

13    **FORM INTERROGATORY NO. 200.6:**

14        Do you contend that the **EMPLOYEE** and the **EMPLOYER** were in a business relationship

15    other than an **EMPLOYMENT** relationship? If so, for each relationship:

16        (a)    state the names of the parties to the relationship;

17        (b)    identify the relationship; and

18        (c)    state all facts upon which you base your contention that the parties were in a

19    relationship other than an **EMPLOYMENT** relationship.

20    **RESPONSE TO FORM INTERROGATORY NO. 200.6:**

21        No.

22    **FORM INTERROGATORY NO. 201.1:**

23        Was the **EMPLOYEE** involved in a **TERMINATION**? If so:

24        (a)    state all reasons for the **EMPLOYEE'S TERMINATION**;

25        (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who

26    participated in the **TERMINATION** decision;

27        (c)    state the name, **ADDRESS**, and telephone number of each **PERSON** who provided

28    any information relied upon in the **TERMINATION** decision; and

-7-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

**EXHIBIT** _A_

CTSC|law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

1    (d)    identify all **DOCUMENTS** relied upon in the **TERMINATION** decision.

2    **RESPONSE TO FORM INTERROGATORY NO. 201.1:**

3    Objection. The request is vague and ambiguous. The request violates privacy rights. The

4    request calls for a legal conclusion.

5    Without waiving the above objections, Defendant responds as follows:

6    No. Plaintiff voluntarily resigned.

7    **FORM INTERROGATORY NO. 201.2:**

8    Are there any facts that would support the **EMPLOYEE'S TERMINATION** that were first

9    discovered after the **TERMINATION**? If so:

10    (a)    state the specific facts;

11    (b)    state when and how **EMPLOYER** first learned of each specific fact

12    (c)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has

13    knowledge of the specific facts; and

14    (d)    identify all **DOCUMENTS** that evidence these specific facts.

15    **RESPONSE TO FORM INTERROGATORY NO. 201.2:**

16    Objection. The request is vague and ambiguous. The request calls for a legal conclusion. The

17    request violates privacy rights.

18    Without waiving the above objections, Defendant responds as follows:

19    Although Plaintiff was not terminated, it appears she might have engaged in unemployment

20    insurance fraud, which would be a terminable offense.

21    **FORM INTERROGATORY NO. 201.4:**

22    Was the **TERMINATION** or any other **ADVERSE EMPLOYMENT ACTIONS** referred

23    to in Interrogatories 201.1 through 201.3 based in whole or in part on the **EMPLOYEE'S** job

24    performance? If so, for each action:

25    (a)    identify the **ADVERSE EMPLOYMENT ACTION**;

26    (b)    identify the **EMPLOYEE'S** specific job performance that played a role in that

27    **ADVERSE EMPLOYMENT ACTION**;

28    (c)    identify any rules, guidelines, policies, or procedures that were used to evaluate the

-8-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

EXHIBIT $A$

1    **EMPLOYEE'S** specific job performance;

2    (d)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who had

3    responsibility for evaluating the specific job performance of the **EMPLOYEE**;

4    (e)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have

5    knowledge of the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE**

6    **EMPLOYMENT ACTION**; and

7    (f)    describe all warnings given with respect to the **EMPLOYEE'S** specific job

8    performance.

9    <u>**RESPONSE TO FORM INTERROGATORY NO. 201.4:**</u>

10   Objection. The request is vague and ambiguous. The request is overbroad. The request

11   violates privacy rights. The request calls for a legal conclusion.

12   Without waiving the above objections, Defendant responds as follows:

13   (a)-(f) Plaintiff was not terminated but voluntarily resigned on November 12, 2022.

14   Defendant also contends that Plaintiff did not experience any adverse employment actions. Any

15   alleged adverse employment action was a result of Plaintiff's performance at work sites. This

16   included walking off the job, complaining to supervisors about the quality of other employees' work,

17   telling other employees that they were not doing a good job at work, refusing to do assigned tasks,

18   doing her work very slowly, and taking extended breaks. Plaintiff also refused to work on jobsites

19   where she was the only white worker. Work site supervisors became dissatisfied with Plaintiff's

20   work and complained about her performance to Crownco Inc. Plaintiff voluntarily left a worksite

21   and resigned before Defendant could assign Plaintiff to another work site.

22   <u>**FORM INTERROGATORY NO. 201.5:**</u>

23   Was any **PERSON** hired to replace the **EMPLOYEE** after the **EMPLOYEE'S**

24   **TERMINATION** or demotion? If so, state the **PERSON'S** name, job title, qualifications,

25   **ADDRESS** and telephone number, and the date the **PERSON** was hired.

26   <u>**RESPONSE TO FORM INTERROGATORY NO. 201.5:**</u>

27   Objection. The request is vague and ambiguous. The request violates privacy rights. The

28   request is not likely to lead to the discovery of admissible evidence.

-9-

EXHIBIT A

1    Without waiving the above objections, Responding Party responds as follows:

2    Employees have been hired since Plaintiff resigned.

3    **FORM INTERROGATORY NO. 201.6:**

4    Has any **PERSON** performed any of the **EMPLOYEE'S** former job duties after the

5    **EMPLOYEE'S TERMINATION** or demotion? If so:

6        (a)    state the **PERSON'S** name, job title, **ADDRESS**, and telephone number;

7        (b)    identify the duties; and

8        (c)    state the date on which the **PERSON** started to perform the duties.

9    **RESPONSE TO FORM INTERROGATORY NO. 201.6:**

10    Objection. The request is vague and ambiguous. The request violates privacy rights. The

11   request is overbroad. The request is not likely to lead to the discovery of admissible evidence.

12    Without waiving the above objections, Defendant responds as follows:

13    Yes. Plaintiff worked as a prepper for Crownco Inc. and was assigned to work at various job

14   sites and for different companies. Plaintiff did not have an individual set of responsibilities that

15   stayed the same. Plaintiff and all of the other preppers at Crownco shared tasks and had dynamic

16   responsibilities that shifted daily. Since Plaintiff and the other Crownco coworkers shared tasks,

17   upon Plaintiff's resignation, her responsibilities were absorbed by other Crownco preppers.

18    **FORM INTERROGATORY NO. 207.1:**

19    Were there any internal written policies or regulations of the **EMPLOYER** that apply to the

20   making of a complaint of the type that is the subject matter of this lawsuit?  If so:

21        (a)    state the title and date of each **DOCUMENT** containing the policies or regulations

22   and a general description of the **DOCUMENT'S** contents;

23        (b)    state the manner in which the **DOCUMENT** was communicated to **EMPLOYEES**;

24        (c)    state the manner, if any, in which **EMPLOYEES** acknowledged receipt of the

25   **DOCUMENT** or knowledge of its contents, or both;

26        (d)    state, if you contend that the **EMPLOYEE** failed to use any available internal

27   complaint procedures, all facts that support that contention; and

28        (e)    state, if you contend that the **EMPLOYEE'S** failure to use internal complaint

-10-

EXHIBIT _A_

CTSC | law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

1   procedures was excused, all facts why the **EMPLOYEE'S** use of the procedures was excused.

2   **RESPONSE TO FORM INTERROGATORY NO. 207.1:**

3       Objection. The request is vague and ambiguous. The request is overbroad.

4       Without waiving the above objections, Defendant responds as follows:

5       (a) Plaintiff was given "Acknowledgement and Receipt of California: Discrimination,

6           Harassment and Retaliation Prevention Policy" which outlined Crownco Inc.'s policy

7           against Discrimination, Harassment, and Retaliation. It also described the policy of

8           reporting any alleged instances of Discrimination, Harassment, and Retaliation to human

9           resources.

10      (b) Plaintiff and other employees were given this document when they started their

11          employment with Crownco Inc. This was affixed to the Crownco Inc. Employee

12          Handbook on pages 52-54.

13      (c) Plaintiff and other employees were required to sign and date an agreement to this policy.

14          By signing employees attest to having received, read, and understood this agreement. By

15          signing, employees also agreed to follow the rules set forth in the agreement. Employees

16          were instructed to provide a copy of this agreement to management to be placed in their

17          personnel file.

18      (d) Plaintiff did not follow this agreement because she did not report any alleged harassment

19          to human resources until her resignation on November 12, 2022. The agreement

20          specifically instructs the employee to bring the matter to the immediate attention of

21          Human Resources and instructs the employee on how to reach them.

22   **FORM INTERROGATORY NO. 207.2:**

23       Did the **EMPLOYEE** complain to the **EMPLOYER** about any of the unlawful conduct

24   alleged in the **PLEADINGS**? If so, for each complaint:

25       (a)    state the date of the complaint;

26       (b)    state the nature of the complaint;

27       (c)    state the name and **ADDRESS** of each **PERSON** to whom the complaint was made;

28       (d)    state the name and **ADDRESS**, telephone number, and job title of each **PERSON**

-11-

EXHIBIT A

1   who investigated the complaint;

2       (e)     state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who

3   participated in making decisions about how to conduct the investigation.

4       (f)     state the name, ADDRESS, telephone number and job title of each PERSON who

5   was interviewed or who provided an oral or written statement as part of the investigation of the

6   complaint;

7       (g)     state the nature and date of any action taken in RESPONSE TO the complaint;

8       (h)     state whether the EMPLOYEE who made the complaint was made aware of the

9   actions taken by the EMPLOYER in RESPONSE TO the complaint, and, if so, state how and when;

10      (i)     identify all DOCUMENTS relating to the complaint, the investigation, and any action

11  taken in RESPONSE TO the complaint; and

12      (j)     state the name, ADDRESS, and telephone number of each PERSON who has

13  knowledge of the EMPLOYEE'S complaint or the EMPLOYER'S RESPONSE TO the complaint.

14  **RESPONSE TO FORM INTERROGATORY NO. 207.2:**

15      Objection. The request is vague and ambiguous. The request is unreasonably compound. The

16  request violates privacy rights. The request calls for speculation. The request violates attorney-client

17  and attorney work product privileged information.

18      Without waiving the above objections, Defendant responds as follows:

19      (a)-(j) Plaintiff wrote a resignation email to Crownco Inc.'s human resources. In this

20  resignation she complained about alleged mistreatment at various worksites. This complaint was

21  made to Breeanna Dooley. Plaintiff did not give enough detail in her complaint for human resources

22  to conduct any investigation. Ms. Dooley responded to Plaintiff on November 14, 2022, asking for

23  more information but Plaintiff refused. Human resources thus were unable to investigate these

24  accusations without more information.

25      (a)-(j) Plaintiff complained to her supervisor, Mauricio Torices about alleged harassment on

26  August 22, 2022, via email. Plaintiff did not allege any harassment claims against employees of

27  Crownco, nor at locations where Crownco had supervision/control over the area. Plaintiff did not

28  make  a complaint to human resources in compliance with the employee handbook at this time.

-12-

EXHIBIT _A_

CTSC | law
CALLAHAN THOMSON SHERMAN & CAUDILL LLP

1   Mauricio Torices went in person to speak to the superintendent at this job site as he did not have

2   control over the other workers at the site. Both Plaintiff and the superintendent told Torices that the

3   alleged harassment had stopped.

4   **FORM INTERROGATORY NO. 208.1:**

5       Did the **EMPLOYEE** file a claim, complaint, or charge with any governmental agency that

6   involved any of the material allegations made in the **PLEADINGS**? If so, for each claim, complaint,

7   or charge:

8       (a)     state the date on which it was filed;

9       (b)     state the name and **ADDRESS** of the agency with which it was filed;

10      (c)     state the number assigned to the claim, complaint, or charge by the agency;

11      (d)     state the nature of each claim, complaint, or charge made;

12      (e)     state the date on which the **EMPLOYER** was notified of the claim, complaint, or

13  charge;

14      (f)     state the name, **ADDRESS**, and telephone number of all **PERSONS** within the

15  governmental agency with whom the **EMPLOYER** has had any contact or communication

16  regarding the claim, complaint, or charge;

17      (g)     state whether a right to sue notice was issued and, if so, when; and

18      (h)     state whether any findings or conclusions regarding the complaint or charge have

19  been made, and, if so, the date and description of the agency's findings or conclusions.

20  **RESPONSE TO FORM INTERROGATORY NO. 208.1:**

21      Objection. The request is vague and ambiguous. The request calls for speculation. The

22  request seeks information equally available to the requesting party. The request is burdensome and

23  harassing.

24      Without waiving the above objections, Defendant responds as follows:

25      (a) 1/31/2023

26      (b) California Department of Fair Employment & Housing and EEOC

27      (c) 480-2023-00669

28      (d) Discrimination based on Age, Race, Retaliation

-13-

EXHIBIT _A_

CTSC|law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

1     (g) A right to sue notice was issued on January 31, 2023

2 **FORM INTERROGATORY NO. 208.2:**

3     Did the **EMPLOYER** respond to any claim, complaint, or charge identified in Interrogatory

4 208.1? If so, for each claim, complaint, or charge:

5     (a)    state the nature and date of any investigation done or any other action taken by the

6 EMPLOYER in RESPONSE TO the claim, complaint, or charge:

7     (b)    state the name, **ADDRESS**, telephone number, and job title of each person who

8 investigated the claim, complaint, or charge;

9     (c)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who

10 participated in making decisions about how to conduct the investigation; and

11     (d)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who

12 was interviewed or who provided an oral or written statement as part of the investigation.

13 **RESPONSE TO FORM INTERROGATORY NO. 208.2:**

14     Objection. The request is vague and ambiguous. The request seeks information equally

15 available to the requesting party. The request is burdensome and harassing. The request calls for

16 speculation. The request seeks attorney-client and attorney work product privileged information.

17     Without waiving the above objections, Defendant responds as follows:

18     Defendant responded to Plaintiff's EEOC complaint on August 28, 2023.

19 **FORM INTERROGATORY NO. 209.2:**

20     Except for this action, in the past 10 years has any employee filed a civil action against the

21 **EMPLOYER** regarding his or her employment? If so, for each civil action:

22     (a)    state the name, **ADDRESS**, and telephone number of each employee who filed the

23 action;

24     (b)    state the court, names of the parties, and case number of the civil action;

25     (c)    state the name, **ADDRESS**, and telephone number of any attorney representing the

26 EMPLOYER; and

27     (d)    state whether the action has been resolved or is pending.

28 ///

-14-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

**EXHIBIT A**

CTSC | law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

1  **RESPONSE TO FORM INTERROGATORY NO. 209.2:**

2      Objection. The request is vague and ambiguous. The request is in violation of privacy rights.

3  The request violates attorney-client privilege and attorney work product privilege. The request is not

4  likely to lead to the discovery of admissible evidence. The request is overbroad and not properly

5  limited in time or scope.

6  **FORM INTERROGATORY NO. 211.1:**

7      Identify each type of **BENEFIT** to which the **EMPLOYEE** would have been entitled, from

8  the date of the **ADVERSE EMPLOYMENT ACTION** to the present, if the **ADVERSE**

9  **EMPLOYMENT ACTION** had not happened and the **EMPLOYEE** had remained in the same job

10  position. For each type of benefit, state the amount the **EMPLOYER** would have paid to provide

11  the benefit for the **EMPLOYEE** during this time period and the value of the **BENEFIT** to the

12  **EMPLOYEE**.

13  **RESPONSE TO FORM INTERROGATORY NO. 211.1:**

14      Objection. The request is vague and ambiguous. The request seeks information already in

15  the possession, custody, or control of the requesting party. The request calls for speculation.

16      Without waiving the above objections, Defendant responds as follows:

17      Insurance Programs, 401(k) Retirement Plan.

18  **FORM INTERROGATORY NO. 211.2:**

19      Do you contend that the **EMPLOYEE** has not made reasonable efforts to minimize the

20  amount of the **EMPLOYEE'S** lost income?  If so:

21      (a)    describe what more **EMPLOYEE** should have done;

22      (b)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have

23  knowledge of the facts that support your contention; and

24      (c)    identify all **DOCUMENTS** that support your contention and state the name,

25  **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

26  **RESPONSE TO FORM INTERROGATORY NO. 211.2:**

27      Objection. The request is vague and ambiguous. The request violates attorney-client and

28  attorney work product privileged information.

-15-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW
SET ONE

EXHIBIT _A_

1    Without waving the above objections, Defendant responds as follows:

2    Yes.

3    (a)-(c) Plaintiff did not complain about discrimination or harassment until resigning. Plaintiff

4    did not complain about any unlawful practices as proscribed in the employee handbook. Plaintiff did

5    not provide the company with any opportunity to resolve any dispute. Plaintiff's email to Breeanna

6    Dooley on November 12, 2022,  upon resignation demonstrates that she knew where to complain

7    but that she did not utilize the complaint procedures. Plaintiff also resigned at a time she selected

8    and could have ensured she had replacement income at this time. Plaintiff also waited a week

9    between leaving the job site and quitting. Plaintiff had the ability to stay on the job site and continue

10    earning income rather than voluntarily walking off. When Plaintiff was offered work, she refused it.

11    Plaintiff's Employment Development Department of California complaint demonstrated that she did

12    not have good cause for quitting and the department found that she did not demonstrate reasonable

13    efforts to preserve her job.

14    **FORM INTERROGATORY NO. 211.3:**

15    Do you contend that any of the lost income claimed by the **EMPLOYEE**, as disclosed in

16    discovery thus far in this case, is unreasonable or was not caused by the **ADVERSE**

17    **EMPLOYMENT ACTION**? If so:

18    (a)    state the amount of claimed lost income that you dispute;

19    (b)    state all facts upon which you base your contention;

20    (c)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have

21    knowledge of the facts; and

22    (d)    identify all **DOCUMENTS** that support your contention and state the name,

23    **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

24    **RESPONSE TO FORM INTERROGATORY NO. 211.3:**

25    Objection. The request is vague and ambiguous. The request violates attorney-client and

26    attorney work product privileged information. The request seeks information in the possession,

27    custody, and control of the requesting party. The request calls for expert opinion.

28    Without waving the above objections, Defendant responds as follows:

-16-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW
SET ONE

EXHIBIT A

1    (a)-(b) All lost income Plaintiff claims are disputed. Plaintiff did not complain about

2    discrimination. Plaintiff did not complain about any unlawful practices as proscribed in the

3    handbook. Plaintiff did not provide the company with an opportunity to resolve any dispute but

4    reported her alleged harassment to human resources the same day she resigned. Plaintiff's email to

5    Breeanna Dooley after she resigned demonstrates that she knew where to complain but that she did

6    not utilize the complaint procedures. In addition, she did not provide human resources with any

7    additional information that could have been used to investigate or resolve Plaintiff's claims. Plaintiff

8    voluntarily resigned and walked off a job site, knowing that she was paid hourly and that it was not

9    guaranteed that she would be placed on another site quickly. Plaintiff refused to work when work

10    was offered to her by Crownco. Plaintiff also resigned willingly before her next job began. Upon

11    resignation, Plaintiff claimed that she had another job she was beginning on November 17. This was

12    less than five days after her voluntary resignation from Crownco Inc. Plaintiff's EDD complaint also

13    demonstrates that the department did not find good cause for her resignation and found that she did

14    not make reasonable efforts to preserve her job. Plaintiff appears to have committed unemployment

15    insurance fraud.

16    **FORM INTERROGATORY NO. 214.1:**

17    At the time of the **ADVERSE EMPLOYMENT ACTION**, was there in effect any policy

18    of insurance through which you were or might be insured in any manner for the damages, claims, or

19    actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION**? If so, for each policy

20    state:

21    (a)    the kind of coverage;

22    (b)    the name and **ADDRESS** of the insurance company;

23    (c)    the name, **ADDRESS**, and telephone number of each named insured;

24    (d)    the policy number;

25    (e)    the limits of coverage for each type of coverage contained in the policy;

26    (f)    whether any reservation of rights or controversy or coverage dispute exists between

27    you and the insurance company; and

28    (g)    the name, **ADDRESS**, and telephone number of the custodian of the policy.

**EXHIBIT A**

CTSC|law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

1  **RESPONSE TO FORM INTERROGATORY NO. 214.1:**

2       Objection. The request is vague and ambiguous. The request is not likely to lead to the

3  discovery of admissible evidence. The request calls for a legal conclusion.

4       Without waiving the above objections, Defendant responds as follows:

5       Defendant has an insurance policy.

6  **FORM INTERROGATORY NO. 214.2:**

7       Are you self-insured under any statute for the damages, claims, or actions that have arisen

8  out of the **ADVERSE EMPLOYMENT ACTION**? If so, specify the statute.

9  **RESPONSE TO FORM INTERROGATORY NO. 214.2:**

10       Objection. The request is vague and ambiguous.

11       Without waiving the above objections, Defendant responds as follows:

12       No.

13  **FORM INTERROGATORY NO. 215.1:**

14       Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual

15  concerning the **ADVERSE EMPLOYMENT ACTION**? If so, for each individual state:

16       (a)    the name, **ADDRESS**, and telephone number of the individual interviewed;

17       (b)    the date of the interview; and

18       (c)    the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the

19  interview.

20  **RESPONSE TO FORM INTERROGATORY NO. 215.1:**

21       Objection. The request is vague and ambiguous. The request violates privacy rights. The

22  request violates attorney-client and attorney work product privileged information.

23  **FORM INTERROGATORY NO. 215.2:**

24       Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded

25  statement from any individual concerning the **ADVERSE EMPLOYMENT ACTION**? If so, for

26  each statement state:

27       (a)    the name, **ADDRESS**, and telephone number of the individual from whom the

28  statement was obtained;

-18-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

EXHIBIT _A_

1    (b)    the name, **ADDRESS**, and telephone number of the individual who obtained the

2  statement;

3    (c)    the date the statement was obtained; and

4    (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the original

5  statement or a copy.

6  **RESPONSE TO FORM INTERROGATORY NO. 215.2:**

7    Objection. The request is vague and ambiguous. The request violates privacy rights. The

8  request violates attorney-client and attorney work product privileged information.

9    Without waiving the above objections, Responding Party responds as follows:

10    Plaintiff's supervisor, Mauricio Torices, emailed Plaintiff and explained his efforts in

11  investigating and handling Plaintiff's claims. Mauricio Torices.

12  **FORM INTERROGATORY NO. 216.1:**

13    Identify each denial of a material allegation and each special or affirmative defense in your

14  **PLEADINGS** and for each:

15    (a)    state all facts upon which you base the denial or special or affirmative defense;

16    (b)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have

17  knowledge of those facts; and

18    (c)    identify all **DOCUMENTS** and all other tangible things, that support your denial or

19  special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the

20  **PERSON** who has each **DOCUMENT**.

21  **RESPONSE TO FORM INTERROGATORY NO. 216.1:**

22    Objection. The request is vague, ambiguous, and overbroad. The request seeks information

23  protected by the attorney-client and attorney-work product privilege. The request violates privacy

24  rights. The request calls for speculation. This request has been asked and answered in Plaintiff's

25  Employment Form Interrogatories No. 216.1.

26    Without waiving the above objections, Defendant Responds as follows:

27  PLAINTIFF HAS NOT BEEN DAMAGED

28    (a) Plaintiff resigned voluntarily. Plaintiff had the ability to continue working at Crownco Inc.

-19-

EXHIBIT 

1     and the ability to find another job before resigning. Plaintiff stated that she found another job

2     where she began working on November 17, 2023. This is only five days after she resigned

3     from Crownco Inc. Plaintiff appears to have engaged in unemployment insurance fraud to

4     obtain payments while she was working.

5     (b) Breeanna Dooley and Mauricio Torices who can be contacted through Kathleen Hartman,

6     Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

7     92614, 949-261-2872.

8     (c) Resignation email to Breeanna Dooley dated November 12, 2022; unemployment insurance

9     documents.

10   FAILURE TO STATE A CAUSE OF ACTION

11     (a) Plaintiff has not demonstrated through her deposition testimony or discovery that she has

12     support for her claims. Any alleged harassment took place at worksites that were not

13     supervised by Crownco Inc. and did not involve Crownco Inc. employees. Crownco placed

14     workers on jobsites temporarily that were run by supervisors unassociated with the company.

15     Employees came from other trades and companies and were not connected to Crownco.

16     Plaintiff also failed to use Crownco reporting procedures and did not report this alleged

17     harassment to human resources until the same day she resigned.

18     (b) Breeanna Dooley and Mauricio Torices who can be contacted through Kathleen Hartman,

19     Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

20     92614, 949-261-2872.

21     (c) Email communications with Mauricio Torices. Plaintiff has this document in her possession

22     and had already produced it. Plaintiff's deposition testimony, unemployment insurance

23     documents.

24   NOT RESPONSIBLE FOR ACTS OF DOES

25     (a)-(c) Plaintiff has named entities that were not her employer, that no longer exist, and are

26     unknown. Plaintiff alleges actions taken by individuals who are not affiliated with Crownco Inc.

27     in any manner and are/were not under the supervision or control of Crownco Inc.

28   STATUTES OF LIMITATIONS

-20-

EXHIBIT

1    (a) Plaintiff did not exhaust administrative remedies for all causes of action alleged in the

2    complaint.

3    (b) Plaintiff Carol Carmel

4    (c) Plaintiff's Civil Complaint

5 LEGITIMATE BUSINESS PURPOSE/NECESSITY/BUSINESS JUDGMENT RULE

6    (a) Plaintiff was not terminated from employment with Defendant, but walked off a job site one

7    day when she claimed that she was harassed. Plaintiff was told that Defendant was unable

8    to immediately place her on another job. Previously, Defendant was complaining to

9    supervisors about other employee's work and was criticizing their work in front of them. She

10    would also take extended breaks and would refuse to perform her job responsibilities.

11    Supervisors at jobsites began to complain about Plaintiff and did not want her placed at their

12    jobsites. When Defendant attempted to contact Plaintiff about finding her another job site,

13    Plaintiff informed Defendant that she quit.

14    (b) Mauricio Torices who can be contacted through Kathleen Hartman, Callahan, Thompson,

15    Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

16    (c) Email communication with Mauricio Torices, Plaintiff's deposition transcript.

17 WAIVER

18    (a)-(c) This is a legal defense that must be asserted to preserve Responding Party's rights. At

19    this early stage of litigation, Responding Party is still investigating this defense.

20 ESTOPPEL

21    (a) Plaintiff acted discriminatorily when she refused to work on worksites that were not mixed-

22    race. Plaintiff left a jobsite because she felt discriminated against for being the only white

23    person there, and refused to work at jobsites where there were not other white employees.

24    (b) Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan, Thompson,

25    Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

26    (c) Email communications with Mauricio Torices, Plaintiff's deposition transcript. The

27    unemployment insurance documents.

28 LACHES

-21-

EXHIBIT A

1 (a)- (c) Plaintiff filed this action almost a year after it began. Plaintiff's discovery process did

2 not begin until most of the workers she claimed witnessed the alleged harassment no longer work

3 for Crownco or are no longer reachable.

4 UNCLEAN HANDS

5 (a) Plaintiff claims she was harassed on worksites where she would complain to workers about

6  their work and complain to supervisors about the work of others. She would also refuse to

7  do some assigned tasks and would take lunch breaks that lasted longer than the allocated

8  times. Plaintiff also acted racist, refusing to work on jobsites where she was the only white

9  worker. Supervisors complained about Plaintiff's work and did not want her placed on their

10  jobsites. Plaintiff appears to have committed unemployment insurance fraud.

11 (b) Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan, Thompson,

12  Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

13 (c) Email communications with Mauricio Torices, Plaintiff's deposition transcript,

14  unemployment insurance documents.

15 FAILURE TO EXHAUST ALL ADMINISTRATIVE REMEDIES

16 (a)-(c) Plaintiff did not pursue all remedies provided by the California Fair Employment and

17 Housing Act. Plaintiff filed a civil suit before she completed all possible remedies provided by

18 FEHA and EEOC.

19 TIME BARRED BY FEHA

20 (a)-(c) Plaintiff has not exhausted all proper remedies under the Fair Employment and Housing

21 Act. Plaintiff's complaints consist of conduct that is barred as it took place beyond the statutory

22 period.

23 WORKER'S COMPENSATION EXCLUSIVITY

24 (a) Any claims for injury during employment are covered by the worker's compensation

25  exclusivity doctrine.

26 (b) Breeanna Dooley and Mauricio Torices, who can be contacted through Kathleen Hartman,

27  Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

28  92614, 949-261-2872..

-22-

CTSC | law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

EXHIBIT A

1    (c) Communication with Mauricio Torices, Email Resignation to Breeanna Dooley dated

2        November 12, 2022, Crownco Inc. Employee Handbook, unemployment insurance

3        documents, Plaintiff's deposition transcript.

4    FAILURE TO USE ORDINARY CARE AND DILIGENCE IN PERFORMANCE OF DUTIES

5    (a) On job sites, Plaintiff took extra-long lunches, sometimes lasting two hours. Plaintiff acted

6        with hostility towards other workers as she would often complain to workers about the

7        quality of their work when that was not her role, and report to supervisors that she did not

8        think the work of other was adequate when that was not her role. Plaintiff ensured she would

9        not have a congenial relationship with other workers by doing so. Plaintiff refused to do basic

10        job tasks on jobs. Plaintiff spontaneously decided to leave the jobsite.

11    (b) Mauricio Torices who can be contacted through Kathleen Hartman, Callahan, Thompson,

12        Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

13    (c) Email communication with Mauricio Torices, Plaintiff's deposition transcript.

14    AFTER ACQUIRED EVIDENCE

15    (a) Plaintiff appears to have committed unemployment insurance fraud so that she could collect

16        unemployment insurance payments while simultaneously being paid by Crownco.

17    (b) Plaintiff

18    (c) Plaintiff's deposition transcript, unemployment insurance documents.

19    NO FRAUD, MALICE, OR OPPRESSION

20    (a) Defendant did not terminate Plaintiff. The alleged discriminatory and harassment actions

21        took place at jobsites that were not run by Defendant. None of the workers Plaintiff alleged

22        harassed her are/were employees of Crownco. When Plaintiff emailed her supervisor,

23        Mauricio Tories about this alleged harassment, he investigated her claims and spoke to the

24        jobsite supervisors.

25    (b) Breeanna Dooley, Mauricio Torices; who can be contacted through Kathleen Hartman,

26        Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

27        92614, 949-261-2872.

28    (c) Email resignation sent to Breeanna Dooley on November 12, 2022. Plaintiff already has this

-23-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

EXHIBIT _H_

1    document in her possession and has produced it as evidence in response to Defendant's

2    discovery requests. Plaintiff's deposition transcript.

3  NO VIOLATION OF PUBLIC POLICY

4      (a) Plaintiff was not terminated by Defendant. Plaintiff's allegations were investigated and

5          addressed. Plaintiff chose not to work at a jobsite, which caused delay in placing her at a new

6          job site. Plaintiff quit. In Plaintiffs letter form the Employment Development Department

7          concerning her final paycheck, the form states that Plaintiff voluntarily resigned. Plaintiff's

8          was an at-will employee.  Plaintiff was rude to other workers on the job site.  She stepped

9          outside her role and would criticize their work and report them to management.  Plaintiff

10         refused to perform work assigned to her.  Plaintiff took extra long lunches.

11     (b) Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman,

12         Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

13         92614, 949-261-2872.

14     (c) Email communication with Mauricio Torices, resignation email to Breeanna Dooley from

15         November 12, 2022, Plaintiff's deposition transcript, unemployment insurance documents.

16  MIXED MOTIVE/SUBSTANTIAL MOTIVATING FACTOR/SAME DECISION

17     (a) Plaintiff refused to do certain tasks at jobsites. In addition, she would often tell other workers

18         that she did not think their work was adequate. Plaintiff would often complain to supervisors

19         about the work of others. Plaintiff walked off her jobsite and would take extended lunch

20         breaks. Supervisors of these jobsites, who were not Crownco employees, did not like

21         Plaintiff's work and did not want her at jobsites.

22     (b) Maurico Torices, who can be contacted through Kathleen Hartman, Callahan, Thompson,

23         Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872..

24     (c) Email communication with Mauricio Torices, Plaintiff's deposition transcript.

25  AVOIDABLE CONSEQUENCES DOCTRINE

26     (a) Plaintiff did not follow instructions, but left the jobsite without allowing a proper

27         investigation or for Defendant to find her another jobsite to work on

28     (b) Breeanna Dooley, Mauricio Torices, who can be contacted through Kathleen Hartman,

-24-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

EXHIBIT _A_

CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

1      Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

2      92614, 949-261-2872.

3      (c) Email with Mauricio Torices and Breeanna Dooley, Plaintiff's deposition transcript.

4  FAILURE TO MITIGATE DAMAGES

5      (a) Plaintiff quit without any notice and without finding a job first. She voluntarily resigned and

6          chose not to earn money until she found another job. Plaintiff did not report any alleged

7          harassment to Defendant, nor did she provide Defendant with an opportunity to address or

8          remedy this alleged harassment. The EDD determined that Plaintiff did not quit this position

9          with good cause, and she failed to demonstrate efforts to preserve her job. Plaintiff also

10         engaged in unemployment insurance fraud.

11      (b) Breeanna Dooley, Maurico Torices, who can be contacted through Kathleen Hartman,

12         Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

13         92614, 949-261-2872.

14      (c) Resignation email with Breeanna Dooley and communications with Maurico Torices.

15  PLAINTIFF AND ALLEGED HARASSERS WERE NOT UNDER DEFENDANT'S CONTROL

16      (a) Plaintiff alleges that she was harassed at job sites of other companies by workers Defendant

17         did not control. Plaintiff was not being supervised by Defendant at this time but was working

18         there as a temporary worker. Defendant did not run this construction site, but only provided

19         employees. When the alleged harassment took place, Defendant did not have control over

20         Plaintiff or the Alleged Harassers. Defendant's control did not extend to the construction

21         site, but only to the placement of workers on the site. Plaintiff and the alleged harassers were

22         under the control of the site managers for a different construction company at this time. In

23         her produced documents, Plaintiff admits that the workers engaged in this alleged harassment

24         were not employed by Crownco Inc. and that she did not even know their names. Torices

25         spoke to the site supervisors about Plaintiff's claims.

26      (b) Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan, Thompson,

27         Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

28         Site supervisors who were not under Defendant's control.

-25-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

EXHIBIT A

CTSC | law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

1      (c) Employee handbook, employment contract, communication with Mauricio Torices,

2          Communication with Breeanna Dooley from November 12, 2022

3  NOT DEFENDANT'S EMPLOYEES

4      (a) Plaintiff alleges that she was harassed by employees of other companies on job sites

5          Defendant did not control. Defendant placed temporary workers on the sites, but Defendant

6          was not present on site. Defendant was placed on sites with construction companies that were

7          independent from Defendant. Plaintiff admitted that these workers were not employed by

8          Crownco and that she did not know their names.

9      (b) Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan, Thompson,

10         Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

11     (c) Communication with Mauricio Torices. Plaintiff's deposition transcript and documents

12         produced by Plaintiff.

13 NO KNOWLEDGE

14     (a) Defendant did not have knowledge of the alleged events. Defendant placed Plaintiff as a

15         temporary worker at various job locations with various construction companies. Defendant

16         was not present on the job sites. Plaintiff did not follow the instructions of the employee

17         handbook and failed to report any alleged harassment to human resources.

18     (b) Breeanna Dooley, Mauricio Torices, who can be contacted through Kathleen Hartman,

19         Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

20         92614, 949-261-2872.

21     (c) Plaintiff's offer letter. This document is already in the possession and control of Plaintiff and

22         has already been produced in response to Defendant's discovery requests. Crownco Inc.

23         Employee Handbook.  Plaintiff's deposition transcript.

24 **FORM INTERROGATORY NO. 217.1:**

25       Is your RESPONSE TO each request for admission served with these interrogatories an

26 unqualified admission? If not, for each response that is not an unqualified admission:

27     (a)    state the number of the request;

28     (b)    state all facts upon which you base your response;

-26-

EXHIBIT A

CTSC | law
CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

1        (c)    state the names, **ADDRESSES**, and telephone numbers of all persons who have

2    knowledge of those facts; and

3        (d)    identify all **DOCUMENTS** and other tangible things that support your response and

4    state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or

5    thing.

6    **RESPONSE TO FORM INTERROGATORY NO. 217.1:**

7        Objection. The request is vague and ambiguous. The request violates privacy rights. The

8    request seeks information protected from disclosure by the attorney-client and attorney-work

9    product privilege. The request is asked and answered in Plaintiff's Form Interrogatories,

10    Employment No. 217.0.

11        Without waiving the above objections, Defendant responds as follows:

12        (a) No. 1

13        (b) Plaintiff complained about being harassed in an email to Breeanna Dooley by West Coast

14            Painters but was unclear about the type of harassment.

15        (c)  Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman,

16            Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

17            92614, 949-261-2872.

18        (d) Emails produced by Plaintiff and Crownco.

19        (a) No. 2

20        (b) Plaintiff complained about being harassed in an email to Breeanna Dooley by West Coast

21            Painters but was unclear about the type of harassment.

22        (c)  Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman,

23            Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

24            92614, 949-261-2872.

25        (d) Emails produced by Plaintiff and Crownco.

26        (a) No. 3

27        (b) Plaintiff complained about being harassed in an email to Breeanna Dooley by West Coast

28            Painters but was unclear about the type of harassment.

-27-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

**EXHIBIT** A

CTSC | law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

(c) Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

(d) Emails produced by Plaintiff and Crownco.

(a) No. 4

(b) Crownco did not witness any harassment. When Mauricio Torices investigated Plaintiff's complaints, he received reports that Plaintiff refused to jobs assigned to her, complained about others work when that was not her role, took long lunches, and only complained about people who spoke Spanish. Plaintiff's deposition testimony does not support sex harassment.

(c) Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

(d) Emails produced by Plaintiff and Crownco. Plaintiff's deposition testimony.

(a) No. 5

(b) Crownco did not witness any harassment. When Mauricio Torices investigated Plaintiff's complaints, he received reports that Plaintiff refused to jobs assigned to her, complained about others work when that was not her role, took long lunches, and only complained about people who spoke Spanish. Plaintiff's deposition testimony does not support age harassment.

(c) Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

(d) Emails produced by Plaintiff and Crownco. Plaintiff's deposition testimony.

(a) No. 6

(b) Crownco did not witness any harassment. When Mauricio Torices investigated Plaintiff's complaints, he received reports that Plaintiff refused to jobs assigned to her, complained about others work when that was not her role, took long lunches, and only

-28-

EXHIBIT _A_

1    complained about people who spoke Spanish. Plaintiff's deposition testimony does not

2    support race harassment.

3    (c) Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman,

4    Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

5    92614, 949-261-2872.

6    (d) Emails produced by Plaintiff and Crownco. Plaintiff's deposition testimony.

7    (a) No. 7

8    (b) Crownco did not witness any harassment. When Mauricio Torices investigated Plaintiff's

9    complaints, he received reports that Plaintiff refused to jobs assigned to her, complained

10   about others work when that was not her role, took long lunches, and only complained

11   about people who spoke Spanish. Plaintiff's deposition testimony does not support

12   harassment.

13   (c) Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman,

14   Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

15   92614, 949-261-2872.

16   (d) Emails produced by Plaintiff and Crownco. Plaintiff's deposition testimony.

17   (a) No. 8

18   (b) Crownco did not witness any harassment. When Mauricio Torices investigated Plaintiff's

19   complaints, he received reports that Plaintiff refused to jobs assigned to her, complained

20   about others work when that was not her role, took long lunches, and only complained

21   about people who spoke Spanish. Plaintiff's deposition testimony does not support age

22   harassment.

23   (c) Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman,

24   Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

25   92614, 949-261-2872.

26   (d) Emails produced by Plaintiff and Crownco. Plaintiff's deposition testimony.

27   (a) No. 9

28   (b) Crownco did not witness any harassment.    When Mauricio Torices investigated

-29-

EXHIBIT 1

1    Plaintiff's complaints, he received reports that Plaintiff refused to jobs assigned to her,

2    complained about others work when that was not her role, took long lunches, and only

3    complained about people who spoke Spanish. Plaintiff's deposition testimony does not

4    support race harassment.

5    (c) Breeanna Dooley, Mauricio Torices who can be contacted through Kathleen Hartman,

6    Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA

7    92614, 949-261-2872.

8    (d) Emails produced by Plaintiff and Crownco. Plaintiff's deposition testimony.

9    (a) No. 10

10   (b) Mr. Torices told Plaintiff that he spoke with the supervisor of the people she complained

11   about but that he could not control the people she complained about. The people Plaintiff

12   complained about were not Crownco employees and Mr. Torices did not have control

13   over them. Plaintiff would criticize others work and report them to the supervisor. This

14   was not part of her job duties. Plaintiff refused to perform the work that was requested

15   of her.

16   (c) Mauricio Torices; who can be contacted through Kathleen Hartman, Callahan,

17   Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

18   949-261-2872.

19   (d) Emails, Plaintiff's deposition testimony.

20   (a) No. 11

21   (b) Mr. Torices told Plaintiff to stop complaining about other people's work because it was

22   not her role to supervise other peoples work.

23   (c) Mauricio Torices; who can be contacted through Kathleen Hartman, Callahan,

24   Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

25   949-261-2872.

26   (d) Emails, Plaintiff's deposition testimony.

27   (a) No. 12

28   (b) Plaintiff told Mr. Torices that she wanted to work on job sites with Caucasians and that

-30-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

EXHIBIT _A_

1    did not have all men.    Plaintiff worked with other Crownco employees but still

2    complained.

3    (c) Mauricio Torices; who can be contacted through Kathleen Hartman, Callahan,

4    Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

5    949-261-2872.

6    (d) Emails, Plaintiff's deposition testimony.

7    (a) No. 13

8    (b) When Plaintiff walked off a job she was assigned to with out notice, Mr. Torices said he

9    did not immediately have a new job for her.    When he found a job for her, she refused to

10    take the job.

11    (c) Mauricio Torices; who can be contacted through Kathleen Hartman, Callahan,

12    Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

13    949-261-2872.

14    (d) Emails, Plaintiff's deposition testimony.

15    (a) No. 14

16    (b) Mr. Torices spoke with Jerry Mendoza.    Plaintiff admitted this in her deposition.

17    (c) Plaintiff; Jerry Mendoza; Mauricio Torices, who can be contacted through Kathleen

18    Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800,

19    Irvine CA 92614, 949-261-2872.

20    (d) Emails, Plaintiff's deposition testimony.

21    (a) No. 15

22    (b) Mr. Torices spoke with Jerry Mendoza.    Plaintiff admitted this in her deposition.

23    (c) Plaintiff; Jerry Mendoza; Mauricio Torices, who can be contacted through Kathleen

24    Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800,

25    Irvine CA 92614, 949-261-2872.

26    (d) Emails, Plaintiff's deposition testimony.

27    (a) No. 16

28    (b) Mr. Torices spoke with Jerry Mendoza.    Plaintiff admitted this in her deposition.

-31-

EXHIBIT

CTSC law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

1  (c) Plaintiff; Jerry Mendoza; Mauricio Torices, who can be contacted through Kathleen

2    Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800,

3    Irvine CA 92614, 949-261-2872.

4  (d) Emails, Plaintiff's deposition testimony.

5  (a) No. 17

6  (b) Mr. Torices spoke with Jerry Mendoza.  Plaintiff admitted this in her deposition.

7  (c) Plaintiff; Jerry Mendoza; Mauricio Torices, who can be contacted through Kathleen

8    Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800,

9    Irvine CA 92614, 949-261-2872.

10  (d) Emails, Plaintiff's deposition testimony.

11  (a) No. 18

12  (b) Mr. Torices spoke with Jerry Mendoza.  Plaintiff admitted this in her deposition.

13  (c) Plaintiff; Jerry Mendoza; Mauricio Torices, who can be contacted through Kathleen

14    Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800,

15    Irvine CA 92614, 949-261-2872.

16  (d) Emails, Plaintiff's deposition testimony.

17  (a) No. 19

18  (b) Mr. Torices spoke with Jerry Mendoza.  Plaintiff admitted this in her deposition.

19  (c) Plaintiff; Jerry Mendoza; Mauricio Torices, who can be contacted through Kathleen

20    Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800,

21    Irvine CA 92614, 949-261-2872.

22  (d) Emails, Plaintiff's deposition testimony.

23  (a) No. 20

24  (b) Crownco cannot pick the races of people who work at its own company or other job

25    sites.  Plaintiff's request was discriminatory and Crownco is not permitted to consider

26    race when hiring or determining who to provided services to.

27  (c) Plaintiff; Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan,

28    Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

-32-

EXHIBIT

CTSC|law
CALLAHAN THOMPSON SHERMAN & CAUDILL, LLP

949-261-2872.

(d)  Emails, Plaintiff's deposition testimony.

(a)  No. 22

(b)  Mr. Torices told Plaintiff that he spoke with the supervisor of the people she complained about but that he could not control the people she complained about. The people Plaintiff complained about were not Crownco employees and Mr. Torices did not have control over them. Plaintiff would criticize others work and report them to the supervisor. This was not part of her job duties. Plaintiff refused to perform the work that was requested of her.

(c)  Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

(d)  Emails, Plaintiff's deposition testimony.

(a) No. 23

(b)  Mr. Torices spoke to the supervisors of places Plaintiff was assigned and tried to place her at locations were she was comfortable. Mr. Torices told Plaintiff to stop complaining about other peoples' work and stop taking long lunches.

(c)  Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614, 949-261-2872.

(d)  Emails, Plaintiff's deposition testimony.

(a) No. 24

(b)  Mr. Torices spoke to the supervisors of places Plaintiff was assigned and tried to place her at locations were she was comfortable. Mr. Torices told Plaintiff to stop complaining about other peoples' work and stop taking long lunches. Plaintiff's request to only work at mixed race sites was discriminatory and precluded by law.

(c)  Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan, Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

-33-

EXHIBIT 1

1    949-261-2872.

2    (d)  Emails, Plaintiff's deposition testimony.

3    (a) No. 25

4    (b) Mr. Torices spoke to the supervisors of places Plaintiff was assigned and tried to place

5        her at locations were she was comfortable.  Mr. Torices told Plaintiff to stop complaining

6        about other peoples' work and stop taking long lunches.

7    (c)  Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan,

8        Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

9        949-261-2872.

10   (d)  Emails, Plaintiff's deposition testimony.

11   (a) No. 26

12   (b) Mr. Torices spoke to the supervisors of places Plaintiff was assigned and tried to place

13       her at locations were she was comfortable.  Mr. Torices told Plaintiff to stop complaining

14       about other peoples' work and stop taking long lunches. Plaintiff's request to only work

15       at mixed race sites was discriminatory and precluded by law.

16   (c)  Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan,

17       Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

18       949-261-2872.

19   (d)  Emails, Plaintiff's deposition testimony.

20   (a) No. 27

21   (b) Mr. Torices spoke to the supervisors of places Plaintiff was assigned and tried to place

22       her at locations were she was comfortable.  Mr. Torices told Plaintiff to stop complaining

23       about other peoples' work and stop taking long lunches. Plaintiff's request to only work

24       at mixed race sites was discriminatory and precluded by law.

25   (c)  Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan,

26       Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

27       949-261-2872.

28   (d)  Emails, Plaintiff's deposition testimony.

-34-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

EXHIBIT A

1    (a) No. 28

2    (b) Mr. Torices spoke to the supervisors of places Plaintiff was assigned and tried to place

3         her at locations were she was comfortable. Mr. Torices told Plaintiff to stop complaining

4         about other peoples' work and stop taking long lunches. Plaintiff's request to only work

5         at mixed race sites was discriminatory and precluded by law.

6    (c) Mauricio Torices, who can be contacted through Kathleen Hartman, Callahan,

7         Thompson, Sherman, & Caudill, LLP, 2601 Main Street, Suite 800, Irvine CA 92614,

8         949-261-2872.

9    (d) Emails, Plaintiff's deposition testimony.

10

11   DATED: July 30, 2024                          **CALLAHAN, THOMPSON, SHERMAN &**
                                                   **CAUDILL, LLP**
12

13

14                                                 By: _____

15                                                      Kathleen M. Hartman
                                                        Attorneys for Defendant,
16                                                      **CROWNCO, INC.**

17

18

19

20

21

22

23

24

25

26

27

28

-35-

DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW,
SET ONE

EXHIBIT ___

CTSC law
CALLAHAN THOMPSON SHERMAN & CALDWELL LLP

1

## VERIFICATION

2

3    STATE OF CALIFORNIA                )
                                        )
4    COUNTY OF RIVERSIDE                )

5

6    I have read the foregoing **DEFENDANT CROWNCO INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES – EMPLOYMENT LAW, SET ONE** and know its contents.

7

8    ☐    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters,

9    I believe them to be true.

10   ☒    I am an authorized representative of Crownco, Inc., a party to this action and am authorized to make this verification for and on its behalf, and I make this verification for this reason. I have made

11   reasonable efforts to review relevant documents, records, and information possessed by or known to

12   Crownco, Inc. and its officers and employees. Based on such a review, the facts stated are true and correct based on information and belief.

13

14   ☐    I am informed and believe and, on that ground, allege that the matters stated in the foregoing document are true.  ☐ The matters stated in the foregoing document are true of my own knowledge

15   except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

16   ☐    I am one of the attorneys for _____ a party to this action.  Such party is

17   absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and, on that ground, allege

18   that the matters stated in the foregoing document are true.

19   Executed on _July 25_ , 2024 at ___Temecula___ , California.

20   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and

21   correct.

22

23

24

25

26

27

28

- 1 -

VERIFICATION

EXHIBIT A

# EXHIBIT "B"



On Nov 4, 2024, at 8:00 AM, Kathleen M. Hartman
<KHartman@ctsclaw.com> wrote:

Hi Greg,

The policy number is DEP-2076823-P1 and the carrier is Admiral Insurance
Company.

Kate

<image001.png>

**Kathleen M. Hartman** | Partner
2601 Main Street, Suite 800, Irvine, California 92614
Tel: 949/261-CTSC(2872) | Fax: 949/261-6060
E-Mail: khartman@ctsclaw.com | Website: www.ctsclaw.com

NOTICE: This e-mail and any attachments contain information from the law firm of Callahan, Thompson,
Sherman & Caudill, LLP, and are intended solely for the use of the named recipient or recipients. This e-
mail may contain privileged attorney/client communications or work product. Any dissemination of this e-
mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient,
you are prohibited from any further viewing of the e-mail or any attachments or from making any use of
the e-mail or attachments. If you believe you have received this e-mail in error, please notify the sender
immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives
or storage media and destroy any printouts of the e-mail or attachments. Thank you.

**From:** greg thyberglaw.com <greg@thyberglaw.com>
**Sent:** Thursday, October 31, 2024 9:07 PM
**To:** Kathleen M. Hartman <KHartman@ctsclaw.com>
**Subject:** Carmel v. Crownco, Inc

Please provide me with the name and policy number for Crownco's
insurance carrier on policy number in this action. I need it to file my
motion for relief from stay.

Gregory A. Thyberg

THYBERGLAW
3104 "O" Street #190
Sacramento, CA 95816
(916) 204-9173
greg@thyberglaw.com

EXHIBIT B

# EXHIBIT "C"

From: **Kathleen M. Hartman** KHartman@ctsclaw.com  📎
Subject: RE: Carmel v. Crownco, Inc
Date: February 11, 2025 at 7:54 AM
To: greg thyberglaw.com  greg@thyberglaw.com



Hi Greg,

I do not have the information you are requesting, and I cannot get it. I also cannot
provide insurance coverage opinions. I passed your inquiry on to Crownco's bankruptcy
counsel. I suggest you contact them.

Kate



**Kathleen M. Hartman** | Partner
2601 Main Street, Suite 800, Irvine, California 92614
Tel: 949/261-CTSC(2872) | Fax: 949/261-6060
E-Mail: khartman@ctsclaw.com | Website: www.ctsclaw.com

NOTICE: This e-mail and any attachments contain information from the law firm of Callahan, Thompson, Sherman &
Caudill, LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended
recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or
any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in
error, please notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof
from any drives or storage media and destroy any printouts of the e-mail or attachments. Thank you.

**From:** greg thyberglaw.com <greg@thyberglaw.com>
**Sent:** Monday, February 10, 2025 5:57 PM
**To:** Kathleen M. Hartman <KHartman@ctsclaw.com>
**Subject:** Re: Carmel v. Crownco, Inc

The bankruptcy court is asking for some additional information. Can you confirm
that Admiral insurance has assumed full financial responsibility for defending Ms.
Carmel's employment case against Crownco and that the policy covers the claims
she has asserted in her case?


Gregory A. Thyberg

THYBERGLAW
3104 "O" Street #190
Sacramento, CA 95816
(916) 204-9173
greg@thyberglaw.com



EXHIBIT _C_

# EXHIBIT "D"

**From:** **greg thyberglaw.com** greg@thyberglaw.com 🖉
**Subject:** Re: Crownco/Carol Carmel
**Date:** February 21, 2025 at 7:04 PM
**To:** Reem Bello rbello@goeforlaw.com



Hi Reem,

I have left several phones messages with your office that have not been returned. I sent you one email on February 11th wherein I advised you court is requesting confirmation that the insurance carrier has coverage for Ms. Carmel's claims and has assumed financial responsibility for defending the case and I have received no response. Please provide this information immediately otherwise I will have to advise the court that the debtor is not cooperating in providing this information when I refile my motion for relief from stay.

Best Regards,

Gregory A. Thyberg
THYBERGLAW
3104 "O" Street #190
Sacramento, CA 95816
(916) 204-9173
greg@thyberglaw.com



**THYBERGLAW**

On Dec 3, 2024, at 11:03 AM, Reem Bello <rbello@goeforlaw.com> wrote:

<Stipulation to Continue Hearing on RFS Motion re Carmel 12-3-2024.doc>

EXHIBIT _D_

# EXHIBIT "E"

**From:** **Reem Bello** rbello@goeforlaw.com
**Subject:** RE: Crownco/Carol Carmel
**Date:** February 24, 2025 at 1:55 PM
**To:** greg thyberglaw.com greg@thyberglaw.com
**Cc:** Rob Goe rgoe@goeforlaw.com, Kerry Murphy kmurphy@goeforlaw.com

Greg,

It is our understanding that there is some insurance coverage for the Carmel claim. Kathleen Hartman is insurance counsel for Crownco in the Carmel suit. Her email is khartman@ctsclaw.com

The name of the insurance company is Admiral Insurance Company. Thank you.

Crownco intends to file a motion to dismiss the bankruptcy case on or before March 4, 2025. Thank you.


Reem J. Bello | Partner
Goe Forsythe & Hodges LLP
17701 Cowan Avenue, Suite 210 (Lobby D) | Irvine, CA 92614
Office (949) 798-2460 | Fax (949) 955-9437
rbello@goeforlaw.com | www.goeforlaw.com


-----Original Message-----
From: greg thyberglaw.com <greg@thyberglaw.com>
Sent: Friday, February 21, 2025 7:04 PM
To: Reem Bello <rbello@goeforlaw.com>
Subject: Re: Crownco/Carol Carmel

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION
This entire e-mail and its attachments are covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and is legally privileged. Do NOT Forward This Message.

This message originates from the law firm of Goe Forsythe & Hodges LLP. The information contained herein is intended for the personal and confidential use of the recipient(s) named above. This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this communication or its attachments is strictly prohibited by law and is subject to criminal and civil penalties. All personal messages express solely the sender's views and not those of Goe Forsythe & Hodges LLP.
ANY TAX ADVICE CONTAINED IN THE BODY OF THIS E-MAIL WAS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY THE RECIPIENT FOR THE PURPOSE OF AVOIDING PENALTIES THAT MAY BE IMPOSED UNDER THE INTERNAL REVENUE CODE OR APPLICABLE STATE OR LOCAL TAX LAW PROVISIONS.
Please take into consideration the environment before printing this email...save a Tree.

EXHIBIT _E_

# EXHIBIT "F"

**From:** **greg thyberglaw.com** greg@thyberglaw.com 📎
**Subject:** Carmel v. Crownco, Inc.
**Date:** March 27, 2025 at 5:46 PM
**To:** Kathleen M. Hartman KHartman@ctsclaw.com



Hi Kathleen,

I am still trying to collect the information I need for the court for my motion for relief from stay. Crownco's attorney Reem Bellow has responded as follows:

"Our firm does not represent the Debtor in the state court lawsuit which is why I referred you to state court counsel. State court counsel is defending the Debtor and is being paid by the insurance company which is why they should be able to answer these questions. As I stated to you previously, it is our understanding that the insurance company advised the Debtor that it would defend (subject to exceptions). It is also our understanding that the insurance company also advised the Debtor that due to the bankruptcy, Debtor would not be responsible for payment of a deductible. Now that the case in a chapter 7, a chapter 7 trustee will be appointed and administer the estate which will be a liquidating case. Thank you."

Please confirm that the insurance carries has agreed to pay for Crownco's defense in our case and that there's coverage for my client's claims in the case. . Bello mentions "exceptions". Please let me know whether there are any exceptions to the carrier's agreement to cover or defend and what those are. Also please confirm whether the carrier told Crownco they will not have to pay the deductible.

Thank you

Gregory A. Thyberg

THYBERGLAW
3104 "O" Street #190
Sacramento, CA 95816
(916) 204-9173
greg@thyberglaw.com





EXHIBIT

# EXHIBIT "G"

**From:** **Reem Bello** rbello@goeforlaw.com
**Subject:** RE: Crownco, Inc.
**Date:** March 27, 2025 at 5:32 PM
**To:** greg thyberglaw.com greg@thyberglaw.com
**Cc:** Rob Goe rgoe@goeforlaw.com, Susan Stein sstein@goeforlaw.com

Mr. Thyberg,

Our firm does not represent the Debtor in the state court lawsuit which is why I referred you to state court counsel. State court counsel is defending the Debtor and is being paid by the insurance company which is why they should be able to answer these questions. As I stated to you previously, it is our understanding that the insurance company advised the Debtor that it would defend (subject to exceptions). It is also our understanding that the insurance company also advised the Debtor that due to the bankruptcy, Debtor would not be responsible for payment of a deductible. Now that the case in a chapter 7, a chapter 7 trustee will be appointed and administer the estate which will be a liquidating case. Thank you.

Reem J. Bello I Partner
Goe Forsythe & Hodges LLP
17701 Cowan Avenue, Suite 210 (Lobby D) I Irvine, CA 92614
Office (949) 798-2460 I Fax (949) 955-9437
rbello@goeforlaw.com I www.goeforlaw.com

-----Original Message-----
From: greg thyberglaw.com <greg@thyberglaw.com>
Sent: Wednesday, March 26, 2025 7:13 PM
To: Reem Bello <rbello@goeforlaw.com>
Subject: Crownco, Inc.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

PRIVILEGED AND CONFIDENTIAL - ATTORNEY CLIENT COMMUNICATION
This entire e-mail and its attachments are covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and is legally privileged. Do NOT Forward This Message.

This message originates from the law firm of Goe Forsythe & Hodges LLP. The information contained herein is intended for the personal and confidential use of the recipient(s) named above. This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying, or other use of this communication or its attachments is strictly prohibited by law and is subject to criminal and civil penalties. All personal messages express solely the sender's views and not those of Goe Forsythe & Hodges LLP.
ANY TAX ADVICE CONTAINED IN THE BODY OF THIS E-MAIL WAS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY THE RECIPIENT FOR THE PURPOSE OF AVOIDING PENALTIES THAT MAY BE IMPOSED UNDER THE INTERNAL REVENUE CODE OR APPLICABLE STATE OR LOCAL TAX LAW PROVISIONS.
Please take into consideration the environment before printing this email…save a Tree.

EXHIBIT 

# EXHIBIT "H"

**From:** **greg thyberglaw.com** greg@thyberglaw.com  
**Subject:** Crownco, Inc.
**Date:** April 7, 2025 at 6:00 PM
**To:** hamyesq@gmail.com

It is my understanding that your firm now represents Crownco, Inc I their bankruptcy case. I represent creditor, Carol Carmel, who filed an employment case against Crownco, Inc. in Riverside County. The case was defended by Crownco's defense counsel but was stayed when your client filed for bankruptcy. The policy number is DEP-2076823-P1 and the carrier is Admiral Insurance Company.

I filed an earlier motion for relief from stay to go against the insurance policy proceeds but took that motion off calendar at the suggestion of Judge Houle because he wanted me to provide more information. The judge wanted me to confirm that the insurance company is paying for Crownco' defense in Ms. Carmel's action, that there is insurance coverage and that any deductible has been waived. Please confirm this information and send me a copy of the insurance policy and declaration page.

So far, I have just been given the run around by your client's prior bankruptcy attorney and their insurance defense counsel. Your client has an obligation to provide this information. Please provide the information as I will be refiling my motion this week. The motion will include a declaration informing the court that Crownco and their attorneys have refused to provide the information the court has requested. If I do not hear from your firm immediately, I will add to my declaration that your firm has also ignored my request for this information and I will attached this email as an exhibit to my declaration.


Gregory A. Thyberg

THYBERGLAW
3104 "O" Street #190
Sacramento, CA 95816
(916) 204-9173
greg@thyberglaw.com



**THYBERGLAW**

EXHIBIT _H_