# EXHIBIT "1"

In Re Crownco, Inc., United States Bankruptcy Case No. 6:24-bk-16205-MH



Electronically FILED by Superior Court of California, County of Riverside on 07/25/2023 03:20 PM
Case Number CVSW2306059 0000085009322 - Jason B Galkin, Executive Officer/Clerk of the Court By Judith Soriano, Clerk

1  THYBERGLAW
   GREGORY A. THYBERG SBN102132
2  3104 "O" STREET, #190
   SACRAMENTO, CA 95816
3  TEL: (916) 204-9173

4
   ATTORNEYS FOR PLAINTIFF, CAROL CARMEL
5

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9
10                   FOR THE COUNTY OF RIVERSIDE

11

12  CAROL CARMEL                              )   Case No.: CVSW2306059
13              Plaintiff,                    )
                                              )   COMPLAINT FOR DAMAGES
14                                            )   1. WRONGFUL TERMINATION/
        vs.                                   )      CONSTRUCTIVE DISCHARGE IN
15                                            )      VIOLATION OF PUBLIC POLICY
    CROWNCO, INC., a corporation, WEST        )   2. FAILURE TO PREVENT,
16  DRYWALL & COMPANY, INC. dba WEST          )      INVESTIGATE AND REMEDY
    COAST DRYWALL & PAINT, a corporation,     )      SEXUAL HARASSMENT (FEHA)
17  LENNAR CORPORATION, a corporation and     )   3. FAILURE TO PREVENT
    DOES 1-100, inclusive,                    )      INVESIGATE AND RMEDEY
18                                            )      HARASSMENT BASED ON RACE
19              Defendants                    )      (FEHA)
                                              )   4. FAILURE TO PREVENT
20                                            )      INVESIGATE AND RMEDEY
                                              )      HARASSMENT BASED ON AGE
21                                            )      (FEHA)
                                              )   5. RETALIATION IN VIOLATION OF
22                                            )      GOV. CODE §12940(h)
                                              )
23

24

25  _____

26

27

28

                                                                    EXHIBIT  1
                   PLAINTIFF'S COMPLAINT FOR DAMAGES                             1

1

## DEMAND FOR JURY TRIAL

## PRELIMINARY ALLEGATIONS

1. Plaintiff CAROL CARMEL ("CARMEL") is, and at all times mentioned in this complaint, a resident of RIVERSIDE COUNTY, State of California and a former employee of defendant, CROWNCO, INC. ("CROWNCO").

2. Defendant CROWNCO is a California corporation, is and at all times relevant herein mentioned, a corporation doing business in RIVERSIDE COUNTY, State of California, is an employer within the meaning of applicable state laws and is a qualified employer under the California Government Code.

3. Defendant WEST COAST DRYWALL & COMPANY dba WEST COAST DRYWALL & PAINT ("WEST COAST") is a California corporation, is and at all times relevant herein mentioned, a corporation doing business in RIVERSIDE COUNTY, State of California, is an employer within the meaning of applicable state laws and is a qualified employer under the California Government Code.

4. Defendant LENNAR CORPORATION ("LENNAR") is a Delaware corporation, is and at all times relevant herein mentioned, a corporation doing business in RIVERSIDE COUNTY, State of California, is an employer within the meaning of applicable state laws and is a qualified employer under the California Government Code.

5. At all times alleged in this complaint plaintiff was providing services pursuant to a contract CROWNCO had with LENNAR wherein plaintiff was required to work under the management and/or direction LENNAR employees.

PLAINTIFF'S COMPLAINT FOR DAMAGES    EXHIBIT 1    2

6. At all times alleged in this complaint plaintiff was providing services pursuant to a contract CROWNCO had with LENNAR wherein plaintiff was required to work with WEST COAST employees as her coworkers who were providing services pursuant to a contract WEST COAST had with LENNAR.

7. Plaintiff is a qualified individual under the California Government Code and CROWNCO, WEST COAST and LENNAR are a qualified employers under the Government Code.

8. Plaintiff has filed timely charges of discrimination with the Department of Fair Employment and Housing ("DFEH") against CROWNCO, WEST COAST and LENNAR. True and accurate copies of plaintiff's Charges of Discrimination filed on and Right to Sue letter issued on July 12, 2023 are attached hereto as Exhibits "A" and "B" and are fully incorporated by reference herein.

9. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against CROWNCO, EEOC Case # 480-2023-00669 and was issued a right to sue letter on January 31, 2023.

10. Plaintiff also filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against WEST COAST, EEOC Case # 480-2023-01919 and was issued a right to sue letter on February 8, 2023.

11. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against LENNAR, EEOC Case # 480-2023-01920 and was issued a right to sue letter on February 8, 2023.

12. Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint,

PLAINTIFF'S COMPLAINT FOR DAMAGES          EXHIBIT __1__   3

defendants were the agents and employees of their co-defendants, and in doing the things alleged in this complaint, were acting within the course and scope of that agency and employment.

13. Plaintiff does not know the true names and capacities of defendants DOES 1 through 100, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes that DOES defendants are residents of the State of California. Plaintiff will seek leave of the court to amend this complaint to set forth their true names when they are ascertained.

14. Each act alleged in the complaint herein was done or ratified by an officer, director or managing agent of defendant and was done with malice, oppression or fraud entitling plaintiff to punitive damages.

## GENERAL BACKGROUND FACTS

15. CARMEL") started working for CROWNCO as a prep and detail technician on July 5, 2022. CARMEL'S job was to inspect new homes.

16. Most of CARMEL'S work involved inspecting new homes built by LENNAR.

17. LENNAR was CARMEL'S dual employer as she worked as a CROWNCO employee contracted to provide services to LENNAR. LENNAR owned and controlled the worksites CARMEL visited and CARMEL was subject to the supervision of LENNAR site superintendents.

18. Shortly after plaintiff started working for CROWNCO, she began to experience harassment based on her sex, race and age when she visited LENNAR worksites to inspect homes as required by her job duties.

PLAINTIFF'S COMPLAINT FOR DAMAGES        EXHIBIT _1_  4

19. When CARMEL inspected homes, painters from one of LENNAR'S subcontractors, WEST COAST, would be on site.

20. Plaintiff as part of her job duties would often have to ask WEST COAST painters to do touch up work or repaint things that were not up to LENNAR'S standards. The WEST COAST painters, who were all Hispanic males, responded by harassing CARMEL whenever she would arrive to inspect a home.

21. The WEST COAST painters would speak in Spanish referring to the CARMEL as the dirty old white lady.

22. The WEST COAST painters called CARMEL "Pinche Guerra" which in Spanish can mean goddamned, shitty, fucking or dirty white girl."

23. The WEST COAST painters told the CARMEL that she was worthless and lazy.

24. The WEST COAST painters would kick CARMEL'S coffee cup over.

25. CARMEL believes these WEST COAST painters vandalized her car and stole her passport.

26. CARMEL complained about the harassment to the WEST COAST painters on site but they pretended not to understand her and refused to identify which one of them was the manager, superintendent or person in charge.

27. CARMEL complained to her CROWNCO supervisor Mauricio Torices ("MAURICIO") on numerous occasions about the harassment and discrimination she was experiencing based on her sex, race and age due to the actions of the WEST COAST painters.

28. CARMEL requested that she be transferred to another CROWNCO location where she would have another team member so it would be less likely that she would be harassed but MAURICIO refused.

PLAINTIFF'S COMPLAINT FOR DAMAGES        EXHIBIT  1  5

29. MAURICIO responded to CARMEL'S complaints by telling her he could not control these people and blamed her for complaining too much.

30. MAURICIO retaliated by terminating the CARMEL on or about November 6, 2023 telling her that CROWNCO had no more work for her.

31. After CARMEL filed for unemployment, MAURICIO tried to hire CARMEL back but she had already found another job.

32. CARMEL told MAURICIO she did not want to return to CROWNCO due to the harassment and discrimination that she had experienced from the WEST COAST painters, drywallers, and landscapers.

33. CARMEL reminded MAURICIO how she had complained to him and other superintendents at each work site and how the harassment was never addressed.

34. In addition to MAURICIO, CARMEL complained to Jerry Mendoza a Construction Site Manager at LENNAR on August 13, 2022.

35. Plaintiff also complained to Michael Dimond a Construction Manager and Arturo Aguillar Assistant Superintendent at LENNAR on August 29, 2022.

36. None of plaintiff's complaints about discrimination and harassment were addressed by CROWNCO, LENNAR or WEST COAST.

37. Plaintiff is informed and believes and thereon alleges that CROWNCO'S decision to terminate her employment was motivated by retaliation for plaintiff engaging in a protected activity when she reported and opposed unlawful discrimination and harassment.

PLAINTIFF'S COMPLAINT FOR DAMAGES        EXHIBIT __l__ 6

## FIRST CAUSE OF ACTION:
## WRONGFUL TERMINATION/ CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY
### [Against Defendant CROWNCO and DOES 1-25, Inclusive]

38. Plaintiff re-alleges the information set forth in Paragraphs 1-37 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

39. Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.

40. Plaintiff is informed and believes, and based thereon alleges, that CROWNCO terminated her employment in violation of public policy of the State of California, as a motivating reason for her termination was retaliation for engaging in a protected activity when she reported and opposed the discrimination and harassment she was experiencing as a result of the conduct of the WEST COAST painters.

41. When CROWNCO attempted to rehire plaintiff, plaintiff was unable to return to work because CROWNCO had failed to address the pervasive environment of illegal discrimination and harassment plaintiff was experiencing.

42. By permitting illegal discrimination and harassment to occur, CROWNCO created a work environment that was so intolerable such that no reasonable person in plaintiff's position could continue to work there.

43. Said actions violate the following statutes that affect society at large:

    a. Gov. Code Sections 12940 et seq. which provides:
It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:
(a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in

PLAINTIFF'S COMPLAINT FOR DAMAGES        EXHIBIT $\underline{1}$    7

compensation or in terms, conditions, or privileges of employment...

(h) For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part...

(j) (1) For an employer, labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation, to harass an employee, an applicant, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, or a person providing services pursuant to a contract by an employee other than an agent or supervisor shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment...

(k) For an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

b.  Business and Professions Code Sections 17200 et seq. which prohibits any unlawful, unfair or fraudulent business act or practice; and,

c.  All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large and discovery will reveal defendants violated.

44. Plaintiff alleges that defendants violated articulated, fundamental public policies, affecting society at large, by violating the statutes described above.

45. As a direct, foreseeable, and proximate result of the actions of defendants as described above, plaintiff has suffered, and continues to suffer severe emotional distress substantial losses in salary, bonuses, job benefits, and other employment benefits she would have

PLAINTIFF'S COMPLAINT FOR DAMAGES        EXHIBIT __1__  8

received from defendants, all to the plaintiff's damage, in an amount unknown at this time but to be established at the time of trial.

46. As a direct, foreseeable, and proximate result of the actions of defendants as described above, plaintiff has suffered, and continues to suffer severe emotional distress substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from defendants, all to the plaintiff's damage, in an amount unknown at this time but to be established at the time of trial.

47. Based on the grossly reckless and/or intentional, malicious, and bad faith manner in which defendants conducted themselves as described herein, by willfully violating those statutes enumerated above, plaintiff prays for punitive damages against defendants in an amount to be determined at the time of trial, that is sufficiently high to punish defendants, deter them from engaging in such conduct in the future, and to make an example of them to others.

48. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of defendants, described above, was done with oppression and malice and was ratified by the other individuals who were managing agents of those directly responsible. These unlawful acts were further ratified by the defendant employers and done with a conscious disregard for plaintiff's rights and with the intent, design and purpose of injuring plaintiff. By reason thereof, plaintiff is entitled to punitive or exemplary damages against defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

## SECOND CAUSE OF ACTION:
### FAILURE TO PREVENT, INVESTIGATE, AND REMEDY SEXUAL HARASSMENT IN VIOLATION OF FEHA (CALIFORNIA GOVERNMENT CODE §12940(k))
[Against All Defendants and DOES 1-100, Inclusive]

49. Plaintiff repeats and re-alleges paragraphs 1 through 49 above and incorporates them herein by reference as though set forth in full.

PLAINTIFF'S COMPLAINT FOR DAMAGES            EXHIBIT _1_  9

50. Plaintiff is a qualified individual under the California Government Code and defendants are qualified employers under the Government Code. Plaintiff has filed timely charges of discrimination with the Department of Fair Employment and Housing ("DFEH") against CROWNCO, WEST COAST and LENNAR. True and accurate copies of plaintiff's Charge of Discrimination filed on July 12, 2023 and Right to Sue letter issued on July 12, 2023 are attached hereto as Exhibits "A" and "B" and are fully incorporated by reference herein.

51. Plaintiff also filed timely charges against CROWNCO, WEST COAST and LENNAR with the EEOC and was issued right to sue letters on January 31, 2023 and February 8, 2023.

52. Plaintiff, while performing her job duties, was subjected to sexual harassment from WEST COAST employees while working pursuant to a contract CROWNCO had with LENNAR.

53. The discrimination, harassment, unwelcome remarks and offensive conduct were objectively offensive to reasonable employees in plaintiff's circumstances and plaintiff herself found the conduct offensive. All actions complained of herein were pervasive and severe and led to a tangible job detriment.

54. All defendants were aware of the discriminatory and hostile work environment to which plaintiff was subjected, as well as the fact that she found it offensive and unwelcome. Moreover, the discriminatory and sexually charged work environment was well known to all employees.

55. Under FEHA defendants were required to take all reasonable steps necessary to prevent discrimination and harassment in the workplace, but failed to do so. Instead, plaintiff was subjected to continued sexual harassment in violation of California Government Code §§12940(j)(1) and (k).

56. When plaintiff complained to MAURICIO about sexual harassment, he responded that there was nothing he could do and he retaliated by terminating the plaintiff.

PLAINTIFF'S COMPLAINT FOR DAMAGES          EXHIBIT __1__   10

57. When plaintiff complained to LENNAR and WEST COAST about sexual harassment, they did nothing, failing to take all reasonable steps necessary to prevent the discrimination and harassment.

58. Once defendants became aware of plaintiff's sexual harassment allegations, defendants failed to adequately investigate the harassment allegations.

59. As a proximate result of defendants' conduct, plaintiff has suffered loss of income, deferred income, bonuses and other employment-related benefits in an amount unknown at this time, but according to proof at trial.

60. As a further proximate result of defendants' discriminatory conduct, plaintiff has suffered depression, loss of self-esteem, illness and emotional distress, all to plaintiff's damage in an amount unknown at this time, but according to proof at trial.

61. As a further proximate result of the aforementioned wrongful conduct, plaintiff has had to employ the services of attorneys to pursue her legal rights, to plaintiff's damage in an amount unknown at this time, but according to proof at trial.

62. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of plaintiff's rights. Thus, plaintiff is entitled to an award of exemplary and punitive damages.

**THIRD CAUSE OF ACTION:**
**FAILURE TO PREVENT, INVESTIGATE, AND REMEDY AGE HARASSMENT IN VIOLATION OF FEHA (CALIFORNIA GOVERNMENT CODE §12940(k))**
**[Against All Defendants and DOES 1-100, Inclusive]**

63. Plaintiff repeats and re-alleges paragraphs 1 through 62 above and incorporates them herein by reference as though set forth in full.

64. Plaintiff is a qualified individual under the California Government Code and defendants are qualified employers under the Government Code. Plaintiff has filed timely charges of discrimination with the Department of Fair Employment and Housing ("DFEH") against CROWNCO, WEST COAST and LENNAR. True and accurate copies of plaintiff's

PLAINTIFF'S COMPLAINT FOR DAMAGES        EXHIBIT __/__ 11

Charge of Discrimination filed on July 12, 2023 and Right to Sue letter issued on July 12, 2023 are attached hereto as Exhibits "A" and "B" and are fully incorporated by reference herein.

65. Plaintiff also filed timely charges against CROWNCO, WEST COAST and LENNAR with the EEOC and was issued right to sue letters on January 31, 2023 and February 8, 2023.

66. Plaintiff, while performing her job duties, was subjected to harassment based on her age from WEST COAST employees while working pursuant to a contract CROWNCO had with LENNAR.

67. The discrimination, harassment, unwelcome remarks and offensive conduct were objectively offensive to reasonable employees in plaintiff's circumstances and plaintiff herself found the conduct offensive. All actions complained of herein were pervasive and severe and led to a tangible job detriment.

68. All defendants were aware of the discriminatory and hostile work environment to which plaintiff was subjected, as well as the fact that she found it offensive and unwelcome. Moreover, the discriminatory work environment was well known to all employees.

69. Under FEHA defendants were required to take all reasonable steps necessary to prevent discrimination and harassment in the workplace, but failed to do so. Instead, plaintiff was subjected to continued harassment based on her age in violation of California Government Code §§12940(j)(1) and (k).

70. When plaintiff complained to MAURICIO about harassment based on her age, he responded that there was nothing he could do and he retaliated by terminating the plaintiff.

71. When plaintiff complained to LENNAR and WEST COAST about harassment based on her age, they did nothing, failing to take all reasonable steps necessary to prevent the discrimination and harassment.

PLAINTIFF'S COMPLAINT FOR DAMAGES        EXHIBIT  1  12

72. Once defendants became aware of plaintiff's age harassment allegations, defendants failed to adequately investigate the harassment allegations.

73. As a proximate result of defendants' conduct, plaintiff has suffered loss of income, deferred income, bonuses and other employment-related benefits in an amount unknown at this time, but according to proof at trial.

74. As a further proximate result of defendants' discriminatory conduct, plaintiff has suffered depression, loss of self-esteem, illness and emotional distress, all to plaintiff's damage in an amount unknown at this time, but according to proof at trial.

75. As a further proximate result of the aforementioned wrongful conduct, plaintiff has had to employ the services of attorneys to pursue her legal rights, to plaintiff's damage in an amount unknown at this time, but according to proof at trial.

76. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of plaintiff's rights. Thus, plaintiff is entitled to an award of exemplary and punitive damages.

**FOURTH CAUSE OF ACTION:**
**FAILURE TO PREVENT, INVESTIGATE, AND REMEDY RACE HARASSMENT IN VIOLATION OF FEHA (CALIFORNIA GOVERNMENT CODE §12940(k))**
[Against All Defendants and DOES 1-100, Inclusive]

77. Plaintiff repeats and re-alleges paragraphs 1 through 76 above and incorporates them herein by reference as though set forth in full.

78. Plaintiff is a qualified individual under the California Government Code and defendants are qualified employers under the Government Code. Plaintiff has filed timely charges of discrimination with the Department of Fair Employment and Housing ("DFEH") against CROWNCO, WEST COAST and LENNAR. True and accurate copies of plaintiff's Charge of Discrimination filed on July 12, 2023 and Right to Sue letter issued on July 12, 2023 are attached hereto as Exhibits "A" and "B" and are fully incorporated by reference herein.

PLAINTIFF'S COMPLAINT FOR DAMAGES          EXHIBIT _1_ 13

79. Plaintiff also filed timely charges against CROWNCO, WEST COAST and LENNAR with the EEOC and was issued right to sue letters on January 31, 2023 and February 8, 2023.

80. Plaintiff, while performing her job duties, was subjected to harassment based on her race from WEST COAST employees while working pursuant to a contract CROWNCO had with LENNAR.

81. The discrimination, harassment, unwelcome remarks and offensive conduct were objectively offensive to reasonable employees in plaintiff's circumstances and plaintiff herself found the conduct offensive. All actions complained of herein were pervasive and severe and led to a tangible job detriment.

82. All defendants were aware of the discriminatory and hostile work environment to which plaintiff was subjected, as well as the fact that she found it offensive and unwelcome. Moreover, the discriminatory work environment was well known to all employees.

83. Under FEHA defendants were required to take all reasonable steps necessary to prevent discrimination and harassment in the workplace, but failed to do so. Instead, plaintiff was subjected to continued harassment based on her race in violation of California Government Code §§12940(j)(1) and (k).

84. When plaintiff complained to MAURICIO about harassment based on her race, he responded that there was nothing he could do and he retaliated by terminating the plaintiff.

85. When plaintiff complained to LENNAR and WEST COAST about harassment based on her race, they did nothing, failing to take all reasonable steps necessary to prevent the discrimination and harassment.

86. Once defendants became aware of plaintiff's racial harassment allegations, defendants failed to adequately investigate the harassment allegations.

PLAINTIFF'S COMPLAINT FOR DAMAGES   EXHIBIT _1_   14

87. As a proximate result of defendants' conduct, plaintiff has suffered loss of income, deferred income, bonuses and other employment-related benefits in an amount unknown at this time, but according to proof at trial.

88. As a further proximate result of defendants' discriminatory conduct, plaintiff has suffered depression, loss of self-esteem, illness and emotional distress, all to plaintiff's damage in an amount unknown at this time, but according to proof at trial.

89. As a further proximate result of the aforementioned wrongful conduct, plaintiff has had to employ the services of attorneys to pursue her legal rights, to plaintiff's damage in an amount unknown at this time, but according to proof at trial.

90. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of plaintiff's rights. Thus, plaintiff is entitled to an award of exemplary and punitive damages.

### FIFTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF GOV. CODE §12940(h)
[Against Defendant CROWNCO and Does 1 through 25, Inclusive]

91. Plaintiff re-alleges and incorporates paragraphs 1 through 90 above as though set forth in full herein.

92. This cause of action is based upon California Government Code§12940 (a) and (h), which provides that it is an unlawful employment practice "For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.

93. At all times herein mentioned plaintiff was a protected employee under this provision of the California Fair Employment and Housing Act (FEHA).

94. Plaintiff engaged in protected activity when she complained about and opposed sexual, age and racial harassment.

95. As stated above, plaintiff has exhausted her administrative remedies by timely filing a complaint with the DFEH and copies of plaintiff's Charges of Discrimination and Right to Sue Letters are attached hereto as exhibits "A" and "B" to this complaint.

96. As a direct and proximate result of the actions of defendants, plaintiff has sustained and will sustain monetary damages, which will be established by proof at trial.

97. As a direct further proximate result of the actions of the defendants, plaintiff has sustained severe emotional distress and mental anguish, and has been damaged thereby; the amount of such damages will be established by proof at trial.

98. The actions complained of herein were done maliciously and oppressively, by reason whereof plaintiff is entitled to an award of punitive damages, the amount of such damages to be established by proof at trial.

99. Plaintiff is entitled to an award of reasonable attorney's fees in connection with the prosecution of this action.

100. Plaintiff is entitled to prejudgment interest under and by virtue of any provision of law entitling her thereto.

WHEREFORE, plaintiff prays judgment against defendants as follows:

    1. For general economic and non-economic damages according to proof;

    2. For special damages according to proof;

    3. For punitive damages as allowed by law;

    4. For pre-judgment interest;

EXHIBIT I

PLAINTIFF'S COMPLAINT FOR DAMAGES

16

5. For costs of suit incurred herein;

6. For attorney's fees as allowed by law;

7. For such other and further relief as this Court deems just and proper.

8. For trial by jury.

DATED: July 24, 2023

THYBERGLAW

GREGORY A. THYBERG
Attorneys for Plaintiff
CAROL CARMEL

EXHIBIT _1_

PLAINTIFF'S COMPLAINT FOR DAMAGES                    17

# EXHIBIT "A"

EXHIBIT $\underline{1}$



1

2    **COMPLAINT OF EMPLOYMENT DISCRIMINATION**
     **BEFORE THE STATE OF CALIFORNIA**
3              **Civil Rights Department**
     **Under the California Fair Employment and Housing Act**
4              **(Gov. Code, § 12900 et seq.)**

5    In the Matter of the Complaint of
     Carol Carmel                                    CRD No. 202307-21265512
6
                        Complainant,
7    vs.

8    Crownco Inc.
     29697 Pierce Circle
9    Murrieta, CA 92562

10   West Coast Drywall & Paint Company Inc.
     1510 West Linden Street
11   Riverside, CA 92507

12   Lennar Corporation
     5505 Blue Lagoon Drive
13   Miami, FL 33126

14                       Respondents

15   _____

16

17   1. Respondent Crownco Inc. is an employer subject to suit under the California Fair
     Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

18   2. Complainant is naming West Coast Drywall & Paint Company Inc. business as Co-
     Respondent(s).
19   Complainant is naming Lennar Corporation business as Co-Respondent(s).

20   3. Complainant Carol Carmel, resides in the City of Desert Hot Springs, State of CA.

21

22   4. Complainant alleges that on or about November 8, 2022, respondent took the
     following adverse actions:

23
     Complainant was harassed because of complainant's sex/gender, age (40 and over),
24   sexual harassment- hostile environment, race (includes hairstyle and hair texture).

25

26                              -1-
                   *Complaint – CRD No. 202307-21265512*
27
     Date Filed: July 12, 2023
28
                                             CRD-ENF 80 RS (Revised 12/22)

                              EXHIBIT *A*

                                   EXHIBIT *1*

1  Complainant was discriminated against because of complainant's sex/gender, age (40
   and over), sexual harassment- hostile environment, race (includes hairstyle and hair texture)
2  and as a result of the discrimination was terminated, forced to quit, denied work
   opportunities or assignments.
3
4  Complainant experienced retaliation because complainant reported or resisted any form
   of discrimination or harassment and as a result was terminated, forced to quit, denied work
5  opportunities or assignments.

6  Additional Complaint Details: Complainant Carol Carmel ("CARMEL") started working for
7  respondent, Crownco, Inc. ("Crownco") as a prep and detail technician on July 5, 2022.
   CARMEL'S job was to inspect new homes. Most of CARMEL'S work involved inspecting
8  new homes built by co -respondent Lennar Corporation ("LENNAR"). LENNAR was
   CARMEL'S dual employer. LENNAR owned and controlled the worksites CARMEL visited
9  and CARMEL was subject to the supervision of LENNAR site superintendents.  Shortly after
   she started, CARMEL began to experience harassment based on her sex, race and age
10 when she visited LENNAR worksites to inspect homes as required by her job duties.

11 When CARMEL inspected homes painters from one of LENNAR'S subcontractors, co -
12 respondent, West Coast Drywall & Company, Inc. dba West Coast Drywall & Paint ("WEST
   COAST"), would be on site. Plaintiff as part of her job duties would often have to ask WEST
13 COAST painters to do touch work or repaint things that were not up to LENNAR'S
   standards. The WEST COAST painters, who were all Hispanic males, responded by
14 harassing CARMEL whenever she would arrive to inspect a home. The painters would
   speak in Spanish referring to the CARMEL as the dirty old white lady. They called CARMEL
15 "Pinche Guerra" which in Spanish can mean goddamned, shitty, fucking or dirty white girl."
   They told the CARMEL that she was worthless and lazy.  These WEST COAST painters
16 would kick CARMEL'S coffee cup over. CARMEL believes these painters vandalized her car
   and stole her passport.
17
18 CARMEL complained about the harassment to the WEST COAST painters on site but they
   pretended not to understand her and refused to identify which one of them was the
19 manager, superintendent or person in charge. CARMEL complained to her CROWNCO
   supervisor Mauricio Torices ("MAURICIO") on numerous occasions about the harassment
20 and discrimination she was experiencing based on her race, sex and age due to the actions
   of the WEST COAST painters. CARMEL requested that she be transferred to another
21 CROWNCO location where she would have another team member so it would be less likely
   that she would be harassed but MAURICIO refused. MAURICIO responded to CARMEL'S
22 complaints by telling her he could not control these people and blamed her for complaining
   too much. MAURICIO retaliated by terminating the CARMEL on November 8, 2023 telling
23 her there was no more work.

24 After CARMEL filed for unemployment MAURICIO tried to hire the CARMEL back but she
   had already found another job. CARMEL told MAURICIO she did not want to return to
25 CROWNCO due to the harassment and discrimination that she had experienced from the

26                                     -2-
                         Complaint – CRD No. 202307-21265512

27 Date Filed: July 12, 2023

28

                                              CRD-ENF 80 RS (Revised 12/22)

                              EXHIBIT _A_

                                                  EXHIBIT _1_



1 | painters, drywallers and landscapers. CARMEL reminded MAURICIO how she had
2 | complained to him and other superintendents at each work site and how the harassment
was never addressed. In addition to MAURICIO, CARMEL complained to Jerry Mendoza a
3 | Construction Site Manager at LENNAR on August 13, 2022. She complained to Michael
Dimond a Construction Manager and Arturo Aguilar Assistant Superintendent at LENNAR
4 | on August 29, 2022. None of plaintiff's complaints were addressed by CROWNCO,
LENNAR or WEST COAST.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-

Complaint – CRD No. 202307-21265512

27 | Date Filed: July 12, 2023

28

CRD-ENF 80 RS (Revised 12/02)

EXHIBIT _A_

EXHIBIT _1_



1    VERIFICATION

2    I, Gregory A. Thyberg, am the Attorney in the above-entitled complaint. I have read
     the foregoing complaint and know the contents thereof.   The matters alleged are
3    based on information and belief, which I believe to be true.

4
     On July 12, 2023, I declare under penalty of perjury under the laws of the State of
5    California that the foregoing is true and correct.

6                                                                   Sacramento CA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -4-
                                    Complaint – CRD No. 202307-21265512
27   Date Filed: July 12, 2023

28
                                                          CRD-ENF 80 RS (Revised 12/22)

                                                    EXHIBIT  A

                                           EXHIBIT  l

# EXHIBIT "B"

EXHIBIT $\underline{1}$



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

July 12, 2023

Carol Carmel
66017 10th Street
Desert Hot Springs, CA 92240

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202307-21285512
       Right to Sue: Carmel / Crownco Inc. et al.

Dear Carol Carmel:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective July 12, 2023 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

EXHIBIT _B_

EXHIBIT _1_