| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman – Bar No. 126349<br>Melissa D. Lowe – Bar No. 245521<br>SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>Email:  lshulman@shulmanbastian.com;<br> mlowe@shulmanbastian.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Arturo M. Cisneros, Ch. 7 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>CROWNCO, INC.,<br><br><br><br><br>Debtor(s). | CASE NO.: 6:24-bk-16205-MH<br>CHAPTER: 7<br><br>## NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION<br><br>### [LBR 9013-1(o)]<br><br>[No hearing unless requested in writing] |
|---|---|

## TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:

1.  Movant(s) Arturo M. Cisneros, Chapter 7 Trustee ,
    filed a motion or application (Motion) entitled Chapter 7 Trustee's Motion for Order Compelling: (1) Turnover of Documents; (2) Debtor to Appear at the Section 341(a) Meeting of Creditors .

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

    ☒  The full Motion is attached to this notice; or

    ☐  The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  05/20/2025

/s/ Melissa Davis Lowe
Signature of Movant or attorney for Movant

Melissa Davis Lowe
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1

2  Leonard M. Shulman – Bar No. 126349
   Melissa D. Lowe – Bar No. 245521
3  **SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
   100 Spectrum Center Drive, Suite 600
4  Irvine, California 92618
   Telephone:    (949) 340-3400
5  Facsimile:    (949) 340-3000
   Email:        lshulman@shulmanbastian.com;
6                mlowe@shulmanbastian.com

7  Attorneys for Arturo M. Cisneros,
   Chapter 7 Trustee

8
                **UNITED STATES BANKRUPTCY COURT**
9
            **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**
10

11
   In re                              Case No. 6:24-bk-16205-MH
12
   **CROWNCO, INC.,**                 Chapter 7
13
                Debtor.              **CHAPTER 7 TRUSTEE'S MOTION FOR**
14                                    **ORDER COMPELLING:**

15                                    **(1) TURNOVER OF DOCUMENTS;**

16                                    **(2) DEBTOR TO APPEAR AT THE**
                                          **SECTION 341(a) MEETING OF**
17                                        **CREDITORS;**

18                                    **MEMORANDUM OF POINTS AND**
                                      **AUTHORITIES AND DECLARATION OF**
19                                    **MELISSA DAVIS LOWE IN SUPPORT**
                                      **THEREOF**
20
                                      **[No hearing set pursuant to LBR 9013-1(o)]**
21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

**TO THE HONORABLE MARK HOULE, UNITED STATES BANKRUPTCY
JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED
PARTIES:**

Arturo M. Cisneros, the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee")
for the bankruptcy estate ("Estate") of Crownco, Inc. ("Debtor"), will and hereby does move for an
order compelling: (1) turnover of documents by the Debtor pursuant to 11 U.S.C. § 542(a); and (2)
the Debtor to appear at the Section 341(a) Meeting of Creditors ("Meeting of Creditors") and
cooperate with the Trustee pursuant to 11 U.S.C. §§ 341, 343 and 521 and Federal Rules of
Bankruptcy Procedure 1007 and 4002 ("Motion"), and in support thereof respectfully represents as
follows:

## I.    SUMMARY OF ARGUMENT

After voluntarily filing for bankruptcy protection, the Debtor has flagrantly disregarded its
obligations and duties under the Bankruptcy Code to cooperate with the Trustee, which includes the
duty to provide books, documents, records and papers relating to property of the Estate, and to
appear at the Meeting of Creditors.  The Debtor has ignored multiple communications from the
Trustee and his counsel requesting Documents (defined below) from the Debtor.  Similarly, the
Debtor has ignored all notices from the Court and the Trustee regarding the initial and continued
Meeting of Creditors.  The only conclusion that can be drawn from the Debtor's repeated failure to
comply with its duties under the Bankruptcy Code is that the Debtor is intentionally ignoring the
law in an effort to avoid the Trustee discovering the true nature and extent of its assets and financial
affairs, including extensive allegations of wrongdoing and improper use of corporate funds.  The
Debtor should not be permitted to abuse the bankruptcy process by derailing the Trustee's efforts to
investigate and, if necessary, administer the Estate.

In fact, the case was converted from Chapter 11 to Chapter 7 after the United States Trustee
learned that certain prepetition mismanagement, including diverting of funds may have occurred
and therefore the case should be converted to a chapter 7 case so that a chapter 7 trustee could be
appointed to review and investigate any mismanagement and diverting of funds.

1    Accordingly, the Trustee respectfully requests the Court grant this Motion and require the

2    Debtor to produce the Documents to the Trustee and appear at the continued Meeting of Creditors

3    scheduled for June 16, 2025 at 12:15 p.m., or the next continued Meeting of Creditors set by the

4    Trustee after this Motion is granted.

5    **II.    STATEMENT OF FACTS**

6    **A.    Commencement of the Bankruptcy Case**

7    The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October

8    16, 2024 ("Petition Date").

9    On March 4, 2025, the Debtor filed its Notice of Hearing on Motion and to Dismiss Chapter

10    11 Bankruptcy Case Pursuant to 11 U.S.C. Section 1112(b)(1); Memorandum of Points and

11    Authorities; Declaration of Charles Morrison in Support Thereof  ("Dismissal Motion") [Docket

12    No. 105].

13    On March 11, 2025, opposition to the Dismissal Motion was filed by the United States

14    Trustee ("U.S. Trustee") [Docket No. 109].  By the U.S. Trustee's opposition, the U.S. Trustee

15    argued that dismissal of the case was not in the best interest of the creditors in that it learned at the

16    Section 341(a) meeting of creditors held on March 10, 2025, that certain prepetition

17    mismanagement, including diverting of funds may have occurred and therefore the case should be

18    converted to a chapter 7 case so that a chapter 7 trustee could be appointed to review and investigate

19    any mismanagement and diverting of funds.

20    A hearing on the Dismissal Motion was held on March 25, 2025 and on April 1, 2025, this

21    Court entered its Order Converting Chapter 11 Bankruptcy Case Pursuant to 11.U.S.C. § 1112(b)(1)

22    [Docket No. 119].

23    On April 2, 2025, a Notice of Appointment of Trustee; Acceptance of Appointment as

24    Trustee was filed [Docket No. 120] thereby appointing Arturo Cisneros as the duly appointed,

25    qualified and acting Chapter 7 Trustee for the Estate.

26    The initial Chapter 7 Meeting of Creditors was scheduled for April 30, 2025.  A true and

27    correct copy of the Notice of Chapter 7 Bankruptcy is attached to the Declaration of Melissa Davis

28

3

1  Lowe ("Lowe Declaration") as **Exhibit 2.** The Debtor failed to appear. The Meeting of Creditors

2  was continued to May 14, 2025.

3      The Trustee's counsel advised the Debtor's counsel that Debtor's appearance was required

4  at the continued Meeting of Creditors, regardless of whether or not he was in the country.

5      Again, the Debtor failed to appear despite notice being given to the Debtor and its counsel,

6  including an e-mail and voicemail reminder to Debtor's counsel by the Trustee's counsel. The

7  Meeting of Creditors was again continued to June 16, 2025.

8  **B.**     **Schedules Filed by the Debtor**

9      The Debtor's initial Schedules D and E/F filed on the Petition Date [Docket No. 1] listed

10 secured claims of $4,212,317.05, no priority claims, and general unsecured claims of $963,566.55.

11     The Debtor's initial Schedules A/B filed on the Petition Date listed total personal property

12 assets of $896,358.67 consisting of (1) cash equivalents ($33,398.29), (2) deposits and prepayments

13 ($40,686.34), (3) accounts receivable ($732,528.04), (4) office equipment ($13,110.00), (5)

14 machinery, equipment and vehicles ($76,586.00), (6) internet domain/website ($50.00); and (7)

15 Crownco Franchise System a State of Florida LLC, in the process of closing LLC has not performed

16 business ($0.00).

17     On November 18, 2024, the Debtor filed its Amended Schedule A/B [Docket No. 60]. By

18 the Amended Schedule A/B, Debtor amended its (1) accounts receivable from $732,528.04 to

19 $278,128.23, and (2) office equipment from $13,110.00 to $7,555.00, thereby amending its total

20 personal property assets to $436,403.86 (a reduction of asset values of $459,954).

21     On March 27, 2025, the Debtor filed its Amended Schedule A/B [Docket No. 116]. By the

22 Amended Schedule A/B, Debtor added as an asset a note receivable (loan to Phillip Jeremiah LLC

23 in the amount of $1,833.000.00) (the "PJ Note"), thereby amending its total personal assets to

24 $2,269,403.86.

25 **C.**     **The Trustee's Request for Documents/Information**

26     On April 11, 2025, the Trustee's counsel sent correspondence to the Debtor's counsel

27 requesting that the Debtor produce a number of documents to the Trustee by no later than April 18,

28

1    2025.  A true and correct copy of the letter is attached to the Lowe Declaration as **Exhibit 3.**  A list

2    of the documents to be turned over to the Trustee (the "Documents") is attached as **Exhibit 1** hereto.

3          On April 19, 2025, the Debtor's counsel responded and stated that the Debtor was out of the

4    country.

5          The Trustee's counsel sent multiple follow-up emails and voicemails to Debtor's counsel

6    for the production of documents as they were necessary for the Trustee's investigation.  A true and

7    correct copy of the email exchange is attached to the Lowe Declaration as **Exhibit 4.**

8          To date, the Trustee has not received any documents from the Debtor and the Debtor has

9    failed to appear at any of the Chapter 7 Meeting of Creditors.

10                              **III.    ARGUMENT**

11   **A.    The Debtor is Required to Account for and Turn Over All Assets of the Bankruptcy**

12   **Estate.**

13          Bankruptcy Code Section 542(a) provides that:

14                 Except as provided in subsection (c) or (d) of this section, an entity
                   other than a custodian, in possession, custody, or control during the
15                 case, of property that the trustee may use, sell, or lease under section
                   363 of this title, or that the debtor may exempt under section 522 of
16                 this title, <u>shall deliver to the trustee, and account for, such property or</u>
                   <u>the value of such property, unless such property is of inconsequential</u>
17                 <u>value or benefit to the estate.</u>

18   11 U.S.C. § 542(a) (2000) (emphasis added).

19          The following must be established in order for the Trustee to prevail in a turnover action:

20   (1) that the asset in question is property of the debtor's bankruptcy estate; and (2) that the Chapter

21   7 trustee is entitled to use, sell, or lease the assets.  *See*, *In re Sherry & O'Leary, Inc.*, 148 B.R. 248,

22   256 (Bankr. W.D. Pa. 1992); *see also*, *In re Weiss-Wolf, Inc.*, 60 B.R. 969, 975 (Bankr. S.D.N.Y.

23   1986).

24   **B.    The Trustee is Entitled to Turnover of the Requested Documents.**

25          Pursuant to Bankruptcy Code Section 521(3) and (4) a debtor shall:

26                 (3) … cooperate with the trustee as necessary to enable the trustee to
                   perform the trustee's duties under this title;

27
                   (4) if a trustee is serving in the case, surrender to the trustee all
28                 property of the estate and any recorded information, including books,

                                     5

> documents, records and papers, relating to property of the estate,
> whether or not immunity is granted under section 344 of this title.

11 U.S.C. § 521(3), (4). By filing a bankruptcy petition, a debtor receives the protection of the Bankruptcy Code. In return for such protection, the debtor must accept and perform the duties imposed by the Code. *In re Patricia A. Flowers*, 55 B.R. 661 (Bankr. M.D. Al. 1985). *In In re Neese,* 137 B.R. 797 (Bankr. C.D. Cal. 1992), the court held that the nature of a debtor's cooperation is coextensive with the tasks to be performed by the trustee in administering the estate.

The Trustee owes a fiduciary duty to the unsecured creditors of this Estate to make sure that the assets of the Estate are protected and maximized for distribution. *See*, *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 355 (1985).

In this case, the Trustee is unable to fulfill his obligation to the creditors of the Debtor without the Documents which will include valuable information regarding the assets of the Estate, including but not limited to the PJ Note, receivables, and potential avoidance and other claims for relief that might be asserted against the Debtor's principals and/or third parties. The Trustee must fully investigate whether there are avoidance or other claims for relief to assert against the Debtor and/or third parties and/or if there are valuable assets to collect such as the PJ Note and/or receivables without receiving the Documents. The Debtor's refusal to turnover the Documents is completely unreasonable and improper.

Accordingly, the Court should grant this Motion without further delay and require the Debtor to turnover the Documents by no later than seven (7) days after entry of an order granting this Motion.

## C.    **The Debtor Has Not Cooperated with the Bankruptcy Process and Should be Ordered to Do So.**

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure impose several duties on Chapter 7 debtors (e.g., to file required documents with the court, appear at the § 341(a) meeting of creditors, etc.). *See* 11 U.S.C. §§ 341, 343 and 521. A debtor's general duties in a bankruptcy case are set forth in Section 521 of the Bankruptcy Code. Federal and Local Bankruptcy Rules specify how those duties are to be carried out. *See* Fed. R. Bankr. P. 1007 & 4002. Specifically, Bankruptcy

1   Code section 343 states that "the debtor *shall* appear and submit to examination under oath at the

2   meeting of creditors under section 341(a) of this title."  11 U.S.C. § 343 (emphasis added).

3   Bankruptcy Rule 4002 further provides that the "debtor *shall*: (1) attend and submit to an

4   examination at the times ordered by the court" and "(4) cooperate with the trustee in . . . the

5   administration of the estate."  Fed. R. Bankr. P. 4002 (emphasis added).  In other words, the debtor

6   has a *mandatory* obligation to submit to examination at the 341(a) meeting of creditors.

7       The Debtor has wholly failed to satisfy this fundamental duty, which directly and adversely

8   affects the Trustee's ability to effectively administer the Estate.  Despite the Debtor receiving

9   multiple notices regarding the continued Meeting of Creditors, it has failed to attend any of the

10  Chapter 7 Meeting of Creditors.  The only conclusion that can be drawn from the Debtor's lack of

11  cooperation with the bankruptcy process is that the Debtor is intentionally ignoring the law in an

12  effort to avoid the Trustee from discovering the true nature and extent of the Debtor's assets and

13  financial affairs, as well as potential litigation claims the Trustee might pursue.

14      The Debtor's failure to appear at the continued Meetings of Creditors is an abuse of the

15  bankruptcy process.  The Debtor's failure and refusal to cooperate has adversely impacted the

16  Trustee's efforts to expeditiously administer the Estate, as well as unnecessarily increased legal and

17  administrative fees.  As such, the Trustee respectfully requests that the Debtor be ordered to appear

18  at the Debtor's next Meeting of Creditors scheduled for June 16, 2025 at 12:15 p.m., or at the next

19  Meeting of Creditors scheduled after this Motion is granted.

20                    **IV.    <u>CONCLUSION</u>**

21      Based on all of the above, the Trustee respectfully requests the Court enter an order: (1)

22  compelling the Debtor to turnover the Documents to the Trustee within seven (7) days of entry of

23  an order granting this Motion; (2) ordering the Debtor to appear at the next Meeting of Creditors

24  / / /

25  / / /

26  / / /

27  / / /

28

1  scheduled for June 16, 2025 at 12:15 p.m., or any further continued Meeting of Creditors scheduled

2  by the Trustee; and (3) granting related relief.

3                                    Respectfully submitted,

4                                    **SHULMAN BASTIAN FRIEDMAN BUI & O'DEA
                                     LLP**
5

6
   DATED:  May 19, 2025             By:      _/s/ Melissa Davis Lowe_
7                                            Leonard M. Shulman
                                             Melissa Davis Lowe
8                                            Attorneys for Arturo M. Cisneros, Chapter 7
                                             Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MELISSA DAVIS LOWE

I, Melissa Davis Lowe, declare as follows:

1.    I am a partner with Shulman Bastian Friedman Bui & O'Dea LLP, counsel for Arturo M. Cisneros, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Crownco, Inc. ("Debtor"). I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would competently testify thereto.

2.    I make this declaration in support of the Trustee's Motion for Order Compelling: (1) Turnover of Documents; and (2) the Debtor to Appear at the Section 341(a) Meting of Creditors ("Motion").  Unless otherwise noted, capitalized terms have the meaning as set forth in the Motion.

3.    The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 16, 2024 ("Petition Date").

4.    On April 1, 2025, this Court entered its Order Converting Chapter 11 Bankruptcy Case Pursuant to 11.U.S.C. § 1112(b)(1) [Docket No. 119].

5.    On April 2, 2025, a Notice of Appointment of Trustee; Acceptance of Appointment as Trustee was filed [Docket No. 120] thereby appointing Arturo Cisneros as the duly appointed, qualified and acting Chapter 7 Trustee for the Estate.

6.    The initial Chapter 7 Meeting of Creditors was scheduled for April 30, 2025.  A true and correct copy of the Notice of Chapter 7 Bankruptcy is attached hereto as **Exhibit 2.**

7.    On April 11, 2025, I sent correspondence to the Debtor's counsel requesting that the Debtor produce a number of documents to the Trustee by no later than April 18, 2025.  A true and correct copy of the letter is attached hereto as **Exhibit 3.**

8.    On April 19, 2025, the Debtor's counsel responded and stated that the Debtor was out of the country and thus, it was taking longer than expected to obtain the documents requested.

9.    On April 29, 2025, Debtor's counsel called me to tell me that the Debtor's representative was still out of the country and would not appear at the Meeting of Creditors.

10.    I was present via Zoom at the initial Meeting of Creditors held on April 30, 2025. The Debtor failed to appear.  The Meeting of Creditors was continued to May 14, 2025.

11.     After the initial Meeting of Creditors, I emailed Debtor's counsel to advise him that Debtor's appearance was required at the continued Meeting of Creditors, regardless of whether or not he was in the country.

12.     I was present via Zoom at the continued Meeting of Creditors on May 14, 2025. Again, the Debtor failed to appear.

13.     I have sent multiple follow-up emails and voicemails to Debtor's counsel for the production of documents as they were necessary for the Trustee's investigation.  A true and correct copy of the email exchange is attached hereto as **Exhibit 4.**

14.     To date, neither the Trustee nor myself has received any documents from the Debtor and the Debtor has failed to appear at any of the Chapter 7 Meeting of Creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 19, 2025, at Irvine, California.


*/s/ Melissa Davis Lowe*
Melissa Davis Lowe

# EXHIBIT "1"

# EXHIBIT 1

## Documents to Be Produced

1.      Debtor's income tax returns, both federal and state, for the prior four (4) years.

2.      All loan documents, including but not limited to, the Promissory Note and bank statements or other documents evidencing the transfer of funds, related to the loan to Phillip Jeremiah LLC listed on Debtor's Schedule A/B.

3.      Monthly bank statements for the Debtor for four (4) years prior to the Petition Date to present.

4.      Electronic version of the Debtor's general ledger for the four (4) years prior to the Petition Date.

5.      Closing statement for the purchase and the sale of the real property located at 9155 Brown Deer Road, Units 2 and 3, San Diego, CA.

6.      Accounting of the use of all PPP loans obtained by the Debtor.

7.      Accounting of the use of funds obtained by the Debtor from the loans made by Centerstone and the SBA.

8.      Debtor's customer list for the four (4) years prior to the Petition Date.

9.      Title, registration and insurance for all vehicles listed on Debtor's Schedule A/B.

10.     Contact information and any documents related to the Enterprise Fleet credit balance.

11.     Aging accounts receivable report with detailed information for payors.

12.     Debtor's financial statements for the four (4) years prior to the Petition Date, including but not limited to balance sheets and profit and loss statements.

13.     List of Debtor's assets as of January 1, 2023 and January 1, 2024.

# EXHIBIT "2"

| Information to identify the case: | | |
|---|---|---|
| Debtor | **Crownco, Inc.** <br> Name | EIN: 27-0207451 |
| United States Bankruptcy Court    Central District of California | | Date case filed in chapter:    11    10/16/24 |
| Case number:    **6:24-bk-16205-MH** | | Date case converted to chapter:    7    4/1/25 |

## Official Form 309C (For Corporations or Partnerships)

## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline          05/24

**For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| **1. Debtor's full name** | Crownco, Inc. | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | P O Box 890802 <br> Temecula, CA 92589-0802 | |
| **4. Debtor's attorney** <br> Name and address | Robert P Goe <br> Goe Forsythe & Hodges LLP <br> 17701 Cowan <br> Building D <br> Suite 210 <br> Irvine, CA 92614 | Contact phone 949-798-2460 <br><br> Email: kmurphy@goeforlaw.com |
| **5. Bankruptcy trustee** <br> Name and address | Arturo Cisneros (TR) <br> 3403 Tenth Street, Suite 714 <br> Riverside, CA 92501 | Contact phone (951) 328-3124 <br><br> Email: amctrustee@mclaw.org |
| **6. Bankruptcy clerk's office** <br> Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 3420 Twelfth Street, <br> Riverside, CA 92501-3819 | Hours open: <br> 9:00AM to 4:00 PM <br><br> Contact phone 855-460-9641 <br><br> Dated: 4/2/25 |
| **7. Meeting of creditors** <br> The debtor's representative must attend the meeting to be questioned under oath by the trustee and by creditors. Creditors may attend, but are not required to do so. | **April 30, 2025 at 10:00 AM** <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. <br><br> The trustee is designated to preside at the meeting of creditors. The case is covered by the chapter 7 blanket bond on file with the court. | Location: <br><br> **Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 981 932 8338, and Passcode 8145818592, OR call 1 909 498 9294** <br><br> For additional meeting information go to https://www.justice.gov/ust/moc |
| **8. Proof of claim** <br> Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. <br><br> If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |

121/JL

**For more information, see page 2 >**

EXHIBIT "2" - Page 1

Debtor   **Crownco, Inc.**                                                                 Case number **6:24-bk-16205-MH**

| | | |
|---|---|---|
| **9.** | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10.** | **Failure to File a Statement and/or Schedule(s)** | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS,** the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial section 341(a) meeting of creditors and any continuance, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section. |
| **11.** | **Bankruptcy Fraud and Abuse** | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 3801 University Avenue Suite 720, Riverside, CA 92501-3200. |

**For more information, see page 1 >**

Official Form 309C (For Corporations or Partnerships) **Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline**         page **2**

# EXHIBIT "3"

# shulman bastian
## friedman & bui LLP

Melissa Davis Lowe
Attorney at Law
MLowe@shulmanbastian.com

Please reply to Irvine

James C. Bastian, Jr.
Shane M. Biornstad✳
Lynda T. Bui
Bryan W. Cabrera
Max Casal
Franklin J. Contreras, Jr.
Melissa Davis Lowe
Alan J. Friedman✳✳
J. Ronald Ignatuk
Rika M. Kido
Mimi Lin
Ryan D. O'Dea
Holly M. Ratzlaff
Leonard M. Shulman
Brooke S. Thompson

―――――
Of Counsel to the Firm
Eric D. Dean
Joseph M. Galosic

✳Also admitted to
practice in Nevada

✳✳Also admitted to
practice in Texas

April 11, 2025

<u>Via E-Mail and First Class Mail</u>
hamyesq@gmail.com

Yoon Ham, Esq.
Law Office of Yoon O. Ham
1425 W. Foothill Blvd, Suite 235
Upland, CA 91786-8024

Re:   <u>In re Crownco, Inc.</u>
      Case No. 6:24-bk-16205-MH

Dear Mr. Ham:

Please be advised this firm is proposed counsel to Arturo Cisneros ("Trustee"), the newly appointed Chapter 7 trustee in the bankruptcy case referenced above of Crownco, Inc. ("Debtor"). As you know, the Debtor filed its Chapter 11 petition on October 16, 2024 ("Petition Date") and the case was converted to Chapter 7 on April 1, 2025.

We are investigating a number of matters in the Debtor's case and require certain documents from the Debtor in order to continue with our investigation. Below is a list of documents we need from the Debtor. <u>The Debtor must commence production of the documents below to this office by April 18, 2025 or we will immediately seek an order to show cause re contempt for the Debtor's failure to do so.</u> I trust that will not be necessary.

1.      Debtor's income tax returns, both federal and state, for the prior four (4) years.

2.      All loan documents, including but not limited to, the Promissory Note and bank statements or other documents evidencing the transfer of funds, related to the loan to Phillip Jeremiah LLC listed on Debtor's Schedule A/B.

3.      Monthly bank statements for the Debtor for four (4) years prior to the Petition Date to present.

4.      Electronic version of the Debtor's general ledger for the four (4) years prior to the Petition Date.

Yoon Ham, Esq.
April 11, 2025
Page 2

5.      Closing statement for the purchase and the sale of the real property located at 9155 Brown Deer Road, Units 2 and 3, San Diego, CA.

6.      Accounting of the use of all PPP loans obtained by the Debtor.

7.      Accounting of the use of funds obtained by the Debtor from the loans made by Centerstone and the SBA.

8.      Debtor's customer list for the four (4) years prior to the Petition Date.

9.      Title, registration and insurance for all vehicles listed on Debtor's Schedule A/B.

10.     Contact information and any documents related to the Enterprise Fleet credit balance.

11.     Aging accounts receivable report with detailed information for payors.

12.     Debtor's financial statements for the four (4) years prior to the Petition Date, including but not limited to balance sheets and profit and loss statements.

Thank you for your anticipated cooperation.  If you have any questions, you may contact me directly.

Very truly yours,

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

*Melissa Davis Lowe*
*[Electronic Signature]*

Melissa Davis Lowe

MDL/AMV

cc:     A. Cisneros, Chapter 7 Trustee (Via Email)

# EXHIBIT "4"

| | |
|---|---|
| **From:** | Melissa Davis Lowe |
| **To:** | "Y Ham" |
| **Subject:** | RE: Crownco, Inc., Case No. 6:24-bk-16205-MH - Document Request Ltr |
| **Date:** | Tuesday, May 6, 2025 8:55:47 AM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.png |
| | image004.jpg |

Mr. Ham,

Have you heard from your client? I need the docs asap so I can prepare for the continued

meeting of creditors. Please advise asap. Thank you.

Melissa Davis Lowe
*Partner*
mlowe@shulmanbastian.com
http://www.shulmanbastian.com

**Orange County -** 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400 Fax: 949-340-3000
**Inland Empire –** 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300 Fax: 951-275-9303

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** Melissa Davis Lowe
**Sent:** Wednesday, April 30, 2025 3:12 PM
**To:** 'Y Ham' <hamyesq@gmail.com>
**Subject:** RE: Crownco, Inc., Case No. 6:24-bk-16205-MH - Document Request Ltr

Mr. Ham,

The meeting has been continued to May 14 at 11:45. The meeting will be held by Zoom and as

such, the Debtor's representative will need to appear whether or not he is back in town.

Melissa
Melissa Davis Lowe
*Partner*
mlowe@shulmanbastian.com
http://www.shulmanbastian.com

**From:** Y Ham <hamyesq@gmail.com>
**Sent:** Tuesday, April 29, 2025 11:06 AM
**To:** Melissa Davis Lowe <mlowe@shulmanbastian.com>
**Cc:** Anne Marie Vernon <AVernon@shulmanbastian.com>
**Subject:** Re: Crownco, Inc., Case No. 6:24-bk-16205-MH - Document Request Ltr

Thx talk then

On Tue, Apr 29, 2025, 11:03 AM Melissa Davis Lowe <mlowe@shulmanbastian.com>
wrote:

Yes. You can call me at 949-340-3400
Melissa Davis Lowe
*Partner*
mlowe@shulmanbastian.com
http://www.shulmanbastian.com

**From:** Y Ham <hamyesq@gmail.com>
**Sent:** Tuesday, April 29, 2025 11:01 AM
**To:** Melissa Davis Lowe <mlowe@shulmanbastian.com>
**Cc:** Anne Marie Vernon <AVernon@shulmanbastian.com>
**Subject:** Re: Crownco, Inc., Case No. 6:24-bk-16205-MH - Document Request Ltr

Good morning. Do you have time for a call at noon today? What's a good number to call you at, if you do?

On Sun, Apr 27, 2025, 12:32 PM Melissa Davis Lowe <mlowe@shulmanbastian.com> wrote:

Mr. Ham,

I need the documents tomorrow (Monday) as the 341a is scheduled for April 30. Please advise asap.

Thank you.
Melissa Davis Lowe
*Partner*
mlowe@shulmanbastian.com
http://www.shulmanbastian.com

**Orange County -** 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400 Fax: 949-340-3000
**Inland Empire –** 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300 Fax: 951-275-9303

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** Melissa Davis Lowe
**Sent:** Tuesday, April 22, 2025 9:22 AM
**To:** 'Y Ham' <hamyesq@gmail.com>
**Cc:** Anne Marie Vernon <AVernon@shulmanbastian.com>
**Subject:** RE: Crownco, Inc., Case No. 6:24-bk-16205-MH - Document Request Ltr

Following up – have you heard from your client on turning over these docs?
Melissa Davis Lowe
*Partner*
mlowe@shulmanbastian.com
http://www.shulmanbastian.com

**From:** Melissa Davis Lowe
**Sent:** Friday, April 18, 2025 11:29 AM

**To:** 'Y Ham' <hamyesq@gmail.com>

**Subject:** RE: Crownco, Inc., Case No. 6:24-bk-16205-MH - Document Request Ltr

OK, thanks. Please keep me updated.

Melissa Davis Lowe
*Partner*
mlowe@shulmanbastian.com
http://www.shulmanbastian.com

**Orange County -** 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400 Fax: 949-340-3000
**Inland Empire –** 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300 Fax: 951-275-9303

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** Y Ham <hamyesq@gmail.com>

**Sent:** Friday, April 18, 2025 11:25 AM

**To:** Melissa Davis Lowe <mlowe@shulmanbastian.com>

**Subject:** Re: Crownco, Inc., Case No. 6:24-bk-16205-MH - Document Request Ltr

Working on it. Been having some difficulties because my client had to leave the country for a funeral just after I subbed into the case. I'll see where he is with it

On Fri, Apr 18, 2025, 11:01 AM Melissa Davis Lowe <mlowe@shulmanbastian.com> wrote:

Mr. Ham,

I have heard nothing from you. Please confirm the documents will be produced in the next few days so I do not have to seek contempt proceedings.

Thank you, Melissa

Melissa Davis Lowe
*Partner*
mlowe@shulmanbastian.com
http://www.shulmanbastian.com

**Orange County -** 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400 Fax: 949-340-3000
**Inland Empire –** 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300 Fax: 951-275-9303

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be

unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** Melissa Davis Lowe

**Sent:** Tuesday, April 15, 2025 3:40 PM

**To:** hamyesq@gmail.com

**Cc:** Anne Marie Vernon <AVernon@shulmanbastian.com>

**Subject:** RE: Crownco, Inc., Case No. 6:24-bk-16205-MH - Document Request Ltr

Mr. Ham,

In addition to the documents requested in my April 11, 2025 letter, please also send your entire file and all of your time records for your client Crownco, Inc.

Thank you, Melissa
Melissa Davis Lowe
*Partner*
mlowe@shulmanbastian.com
http://www.shulmanbastian.com

**From:** Anne Marie Vernon <AVernon@shulmanbastian.com>

**Sent:** Friday, April 11, 2025 10:19 AM

**To:** hamyesq@gmail.com

**Cc:** Melissa Davis Lowe <mlowe@shulmanbastian.com>

**Subject:** Crownco, Inc., Case No. 6:24-bk-16205-MH - Document Request Ltr

Good morning. Attached please find correspondence of today's date from Melissa Lowe for your review. You should receive a copy by mail as well. Thank you.

Anne Marie Vernon

*Legal Assistant*
avernon@shulmanbastian.com
http://www.shulmanbastian.com

**Orange County -** 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400 Fax: 949-340-3000
**Inland Empire –** 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300 Fax: 951-275-9303

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER COMPELLING: (1) TURNOVER OF DOCUMENTS; (2) DEBTOR TO APPEAR AT THE SECTION 341(a) MEETING OF CREDITORS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MELISSA DAVIS LOWE IN SUPPORT THEREOF [with Notice of Opportunity to Request a Hearing on Motion]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 20, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Arturo Cisneros**    arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Abram Feuerstein**    abram.s.feuerstein@usdoj.gov
- **Everett L Green**    everett.l.green@usdoj.gov
- **Yoon O Ham**    hamyesq@gmail.com, mendoza.direct@gmail.com
- **Melissa Davis Lowe**    mlowe@shulmanbastian.com, avernon@shulmanbastian.com
- **Anne C Manalili**    anne.manalili@sba.gov
- **Cameron C Ridley**    wcvbees@gmail.com
- **Jessica M. Simon**    jsimon@hrhlaw.com, mgranzow@hrhlaw.com
- **Gregory A Thyberg**    greg@thyberglaw.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **Michael A Wallin**    mwallin@wallinrussell.com

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  May 20, 2025,  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/20/2025 | Lori Gauthier | /s/ Lori Gauthier |
|-----------|---------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## U.S. MAIL SERVICE LIST

**Debtor**
Crownco, Inc.
P O Box 890802
Temecula, CA 92589-0802

Yoon O Ham
1425 W Foothill Blvd Ste 235
Upland, CA 91786-8024

**Court Mailing**
CTI III, LLC
c/o Wallin & Russell LLP
26000 Towne Centre Drive, Suiite 130
Foothill Ranch, CA 92610-3444

**Court Mailing**
Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

**Court Mailing**
Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

**Court Mailing**
Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346

**Court Mailing**
First-Citizens Bank & Trust Company
c/o Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

**Preferred Address**
U S  SMALL BUSINESS
ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

**Court Mailing**
ADP Payroll Services
P.O Box 31001-1874
Pasadena Ca 91110-1874

**Court Mailing**
Alas Company LLC
c/o Grupo Glemka
PO Box 8617
Northridge, CA 91327-8617

**Court Mailing**
Blank Rome
717 Texas Ave, Ste 1400
Houston, TX 77002-2776

**Court Mailing**
CDN
847 Sumpter Rd #5005
Belleville, MI 48111-4905

**Court Mailing**
CTI III, LLC dba Corporate Tax Inc.
1720 Prairie City Rd.
Folsom, CA 95630-4044

**Court Mailing**
California Department of Fee & Tax
Account Information Group, MIC:29
P.O. Box 942879
Sacramento, CA 94279-0029

**Court Mailing**
Callahan, Thompson, Sherman, Caudil
2601 Main St, Suite 800
Irvine, CA 92614-4230

**Court Mailing**
Capstone Law APC
1875 Century Park East, Ste 1000
Los Angeles, CA 90067-2533

**Court Mailing**
Carol Carmel
66017 10th Street
Desert Hot Springs, CA 92240-2307

**Court Mailing**
Cellco Partnership d/b/a Verizon  Wireless
William M Vermette
22001 Loudoun County PKWY
Ashburn, VA 20147-6122

**Court Mailing**
Centerstone
700 S. Flower Street, Suite 850
Los Angeles CA 90017-4121

**Court Mailing**
Centerstone SBA Lending, Inc.
c/o Hemar, Rousso & Heald, LLP
Attn: Jennifer Witherell Crastz
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2813

**Court Mailing**
Charles Morrison
c/o Crownco
43234 Business Park Drive
Temecula, CA 92590-3604

**Court Mailing**
Coast Professional
P.O. Box 246
Geneseo, NY 14454-0246

**Court Mailing**
Deprofunds Inc. Vert Environmental
4715 Viewridge Ave., Suite 210
San Diego, CA 92123-1680

**Court Mailing**
Dynamic Environmental
PO Box 27430
Santa Ana, CA 92799-7430

**Court Mailing**
Enterprise
1400 N. Kellog Dr, Suite G
Anaheim, CA 92807-1984

**Court Mailing**
Enterprise FM Trust
dba Enterprise Fleet Management
BNY Mellon Trust of Delaware
301 Bellevue Prkwy 3rd Floor
Wilmington, DE 19809-3705

**Court Mailing**
Esteban Acosta
513 Mandarin Way
Fallbrook, CA 92028-4708

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | | |
|---|---|---|
| **Court Mailing**<br>Esteban Acosta as Class Rep and PAGA<br>Attn: Capstone Law APC<br>1875 Century Park East, Ste 1000<br>Los Angeles, CA 90067-2533 | **Court Mailing**<br>Exxon<br>PO Box 639<br>Portland, ME 04104-0639 | **Court Mailing**<br>Felahy Trial Lawyers<br>555 S Hope St, Ste 2655<br>Los Angeles, CA 90071 |
| **Court Mailing**<br>First Citizen Bank<br>239 Fayeteville Street<br>Raleigh, NC 27601-1309 | **Court Mailing**<br>First-Citizens Bank & Trust Company<br>c/o Michael Myers, Esq.<br>Ballard Spahr LLP<br>2029 Century Park East, Suite 1400<br>Los Angeles, CA 90067-2915 | **Court Mailing**<br>GB Collections (Kaiser Permanente)<br>1253 Haddonfield Berlin Rd<br>Voorhees, NJ 08043-4847 |
| **Court Mailing**<br>Ganahl Lumber<br>1220 E Ball Rd<br>Anaheim, CA 92805-5993 | **Court Mailing**<br>Gibbs & Fuerst, LLP<br>2247 Sam Doegp Ave, Suite 137<br>San Diego, CA 92110 | **Court Mailing**<br>Gibbs & Fuerst, LLP<br>41880 Kalmia Street, Suite 160<br>Murrieta, CA 92562-8837 |
| **Court Mailing**<br>Healthnet<br>PO Box 9103<br>Van Nuys, CA 91409-9103 | **Court Mailing**<br>Home Depot Commercial by Citi<br>PO Box 790340<br>St. Louis, MO 63179-0340 | **Court Mailing**<br>Intelligent Direct, Inc.<br>10 First St PO Box 119<br>Wellsboro, PA 16901-0119 |
| **Court Mailing**<br>J&B Materials<br>PO Box 847609<br>Los Angeles, CA 90084-7609 | **Court Mailing**<br>James O'Connar<br>10256 Princess Sarit way<br>Santee, CA 92071-1277 | **Court Mailing**<br>Jason Perdomo<br>934 North Santa Fe Avenue<br>Vista, CA 92083-3636 |
| **Court Mailing**<br>Joel Parker<br>1110 Petree Street, #16<br>El Cajon, CA 92020-2400 | **Court Mailing**<br>Joens & Joens<br>2201 Dupont Dr.. Suite 820<br>Irvine, CA 92612-7508 | **Court Mailing**<br>Joshua Eugene Trcka<br>34590 Orange Street<br>Wildomar, CA 92595-8944 |
| **Court Mailing**<br>Lennar Corporation<br>c/o Jennifer Lee<br>Coporate Creations Network<br>7801 Folsom Blvd., #202<br>Sacramento, CA 95826-2620 | **Court Mailing**<br>Lowe's<br>PO Box 669821<br>Dallas, TX 75266-0775 | **Court Mailing**<br>Peterman Lumber<br>10330 Elm Ave<br>Fontana, CA 92337-7394 |
| **Court Mailing**<br>Pro Flo A/C & Heating<br>42166 Remington Ave<br>Temecula, CA 92590-2547 | **Court Mailing**<br>Prudhomme<br>43460 Ridge Park Dr, Suite 220<br>Temecula, CA 92590-3600 | **Court Mailing**<br>REEL Lumber Service<br>1321 N. Kraemer Blvd<br>Anaheim, CA 92806-1402 |
| **Court Mailing**<br>Robert Yujin<br>700 S. Flower Street, Suite 850<br>Los Angeles, CA 90017-4121 | **Court Mailing**<br>Ronald J. Cervi<br>10386 Vera Cruz Street<br>San Diego, CA 92124-1319 | **Court Mailing**<br>Shuan Chisolm<br>30300 Antelope Road, Apt. #2217<br>Menifee, CA 92584-9579 |
| **Court Mailing**<br>South Coast Foam<br>41228 Raintree Ct<br>Murrieta, CA 92562-7089 | **Preferred Address**<br>SOUTHERN CALIFORNIA EDISON<br>COMPANY<br>1551 W SAN BERNARDINO ROAD<br>COVINA CA 91722-3407 | **Court Mailing**<br>Steve Moralez<br>8531 Stonegate Drive<br>Rancho Cucamonga, CA 91730-7127 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**Preferred Address**
T MOBILE
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

**Court Mailing**
Timothy L. Joens
Joens & Joens, APC
2201 Dupont Drive, Suite 280
Irvine, CA 92612-1515

**Court Mailing**
U.S. Small Business Administration
10737 Gateway West, #300
El Paso, TX 79935-4910

**Court Mailing**
Verizon Business
P.O. Box 489
Newark, NJ 07101-0489

**Court Mailing**
Vista Paint
2020 E Orangethorpe Ave
Fullerton, CA 92831-5327

**Court Mailing**
Visual Edge
1801 W. Olympic Blvd
File 2584
Pasadena, CA 91199-2594

**Court Mailing**
Wex Health
PO Box 9528
Fargo, ND 58106-9528

**Court Mailing**
Xerox
P.O. Box 202882
Dallas, TX 75320-2882

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**